

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-30-2005

# USA v. Wilson

Precedential or Non-Precedential: Precedential

Docket No. 05-1445

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Wilson" (2005). *2005 Decisions.* Paper 173.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/173

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-1445

———

UNITED STATES OF AMERICA

v.

VINCENT ELLIS WILSON,
a/k/a BEANIE

Vincent Ellis Wilson,
                                        Appellant

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 02-cr-00295-5)
District Judge: Hon. Christopher C. Conner

———

Argued October 24, 2005

Before:  SLOVITER and FISHER, Circuit Judges, and
            THOMPSON*, District Judge

(Filed :  November 30, 2005)

———

James J. West        (Argued)
West Long
Harrisburg, PA l7101

        Attorney for Appellant

_____

*        Hon. Anne E. Thompson, United States District Judge for
        the District of New Jersey, sitting by designation.

Christy H. Fawcett
William A. Behe   (Argued)
Office of United States Attorney
Harrisburg, PA 17108

      Attorneys for Appellee

OPINION OF THE COURT

SLOVITER, Circuit Judge.

      Vincent Ellis Wilson pled guilty to a felony information charging two counts of using a communication facility to facilitate drug trafficking in violation of 21 U.S.C. § 843(b). The District Court sentenced Wilson to 34 months' imprisonment for each count,  sentences to run consecutively. Wilson appeals.  We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

**I.**

      On August 4, 2004, a grand jury returned a superceding indictment charging Wilson with criminal conspiracy to distribute and possess with intent to distribute fifty grams or more of crack cocaine and five kilograms or more of hydrochloride in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841.  The indictment also charged Wilson and his two co-defendants, Stephen Smith and Kelvin Smith, with traveling interstate or causing others to travel interstate to facilitate drug trafficking in violation of 18 U.S.C. § 1952.

      At the time of his indictment, Wilson was serving a state sentence at Brockridge Correctional Center in Maryland.  He was brought to Pennsylvania pursuant to a writ of habeas corpus ad prosequendum issued by the District Court.  At his arraignment for the federal offense, Wilson pled not guilty and was appointed counsel.  Subsequently, Wilson was transported between Maryland and Pennsylvania to attend proceedings in the federal matter pending in Pennsylvania pursuant to additional writs of habeas corpus ad prosequendum.

2

Wilson, believing that his rights under the Interstate Agreement on Detainers ("IAD") had been violated, repeatedly requested that his appointed counsel pursue this issue.[1]  He complained that counsel did not respond to his arguments.  In response, the District Court appointed new counsel, but Wilson alleges that this newly-appointed counsel also failed to pursue his IAD claim.  Following motions filed by that counsel and by Wilson, the District Court once again appointed new counsel.

On October 6, 2004, Wilson and his co-defendants pled guilty pursuant to the terms of a plea agreement with the government.  Wilson waived indictment and pled guilty to a felony information charging him with two counts of using a communication facility to facilitate drug trafficking in violation of 21 U.S.C. § 843(b).  The plea agreement was conditioned on acceptance by all three defendants and included a waiver of all rights to appeal.  The agreement provided:

> [T]he defendant knowingly waives the right to appeal any conviction and sentence, including a sentence imposed within the statutory maximum, on any and all grounds set forth in Title 18, United States Code, Section 3742 or any other grounds,

[1]  The Interstate Agreement on Detainers provides, inter alia, "If trial is not had on any indictment, information, or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment pursuant to Article V(e) hereof, such indictment, information, or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice."  Interstate Agreement on Detainers Act § 9, Art. IV(e), 18 U.S.C.S. Appx. (Lexis Nexis 2005).

Wilson argues that because he was shuttled between Maryland and Pennsylvania before the charges against him were adjudicated, the indictment should have been dismissed.  Wilson also claims that Article III of the IAD, which guarantees trial within 180 days of the indictment, was violated.  For the reasons set forth in the text, we do not reach the merits of Wilson's IAD claims.

constitutional or non-constitutional, including the manner in which that sentence was determined in light of <u>Blakely v. Washington</u>, 2004 WL 1402697 (June 24, 2004). The defendant also waives the defendant's right to challenge any conviction or sentence or the manner in which the sentence was determined in any collateral proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255.

App. at 45a. Three weeks after Wilson's guilty plea was accepted, he filed a motion to withdraw his guilty plea. The District Court denied that motion.

The District Court sentenced Wilson to thirty-four months' imprisonment on each count of conviction, sentences to run consecutively, two years of supervised release, and payment of a $200 special assessment.

## II.

On appeal, Wilson raises three claims: 1) His rights under the IAD were violated and his counsel were ineffective for not pursuing his IAD claim; 2) The District Court erred in denying his motion to withdraw his guilty plea; 3) He is not bound by the plea agreement in which he waived the right to appeal any conviction or sentence.

Because a valid plea agreement containing a waiver of Wilson's right to appeal would deprive this court of jurisdiction over this appeal, <u>United States v. Khattak</u>, 273 F.3d 557 (3d Cir. 2001), we review the validity of the waiver provision and plea agreement first.

This court has held that "[w]aivers of appeals, if entered into knowingly and voluntarily, are valid, unless they work a miscarriage of justice." <u>Id.</u> at 563. In <u>Khattak</u>, we adopted the considerations set forth in <u>United States v. Teeter</u>, 257 F.3d 14 (1st Cir. 2001), to determine if enforcement of a waiver would work a miscarriage of justice. According to the <u>Teeter</u> court,

4

[T]he term "miscarriage of justice" is more a concept than a constant. Nevertheless, some of the considerations come readily to mind: the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result. Other considerations doubtless will suggest themselves in specific cases. . . .

. . . While open-ended, the general reservation . . . will be applied sparingly and without undue generosity.

Teeter, 257 F.3d at 26.

Wilson does not contend that his waiver was not knowing or voluntary. Rather, he argues that enforcement of the waiver would work a "miscarriage of justice" because the plea agreement was based on a coerced plea which the District Court should have permitted him to withdraw. We agree with Wilson that it would constitute a miscarriage of justice to enforce a guilty plea made pursuant to a plea agreement if the defendant should have been permitted to withdraw. Therefore, we must determine if the District Court abused its discretion in denying Wilson's motion to withdraw his guilty plea.

"If a motion for withdrawal of a plea of guilty or nolo contendere is made before a sentence is imposed . . . the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason." United States v. Martinez, 785 F.2d 111, 114 (3d Cir.1986).[2] This court has held

___

[2] Martinez interpreted the then-applicable Rule 32 of the Federal Rules of Criminal Procedure. The Federal Rules of Criminal Procedure were amended in 2002 to, inter alia, move the substance of prior Rule 32 authorizing defendants to seek the

5

that withdrawal of a guilty plea is not an absolute right. <u>See, e.g.</u>, <u>United States v. Brown</u>, 250 F.3d 811 (3d Cir. 2001); <u>United States v. Martinez</u>, 785 F.2d 111 (3d Cir. 1986). We must look primarily to three factors in evaluating a motion to withdraw a guilty plea: "(1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal." <u>United States. v. Jones</u>, 336 F.3d 245, 252 (3d Cir. 2003). We review a district court's decision to deny a motion for withdrawal of a guilty plea for abuse of discretion. <u>Brown</u>, 250 F.3d at 815.

1. Claims of Innocence

Wilson asserts his innocence but offers no facts in support of that claim. We have stated that "[b]ald assertions of innocence, . . . are insufficient to permit a defendant to withdraw her guilty plea. Assertions of innocence must be buttressed by facts in the record that support a claimed defense." <u>Id.</u> at 818 (citation omitted). Wilson's bald assertion of innocence is therefore insufficient to permit him to withdraw his guilty plea.

2. Strength of Reasons for Withdrawal

Wilson argues that he should have been able to withdraw his guilty plea because he was coerced into signing a package plea agreement. Under Rule 11 of the Federal Rules of Criminal Procedure, the trial judge must address a defendant about to enter a plea of guilty to ensure that the defendant understands the law of his crime in relation to the facts of his or her case, as well as his or her rights as a criminal defendant. Wilson contends that his Rule 11 plea colloquy was deficient because the District Court judge did not specifically ask him if he had been coerced into signing the plea agreement or ask him if his plea was part of a package.

---

withdrawal of a guilty plea prior to sentencing to Fed. R. Crim. P. 11(d). Because the substance of the rule has not changed, precedent referring to Rule 32 continues to be authoritative.

If Wilson were able to prove that his guilty plea was coerced by his co-defendants, arguably that would have been a reason to have allowed him to withdraw his guilty plea. However, Wilson makes no such allegation. In a pro se motion to the court to withdraw from his plea agreement, Wilson stated only that "[t]heAUSA [sic] pit my co-defendants against me as when she offerred [sic] this plea agreement because it was contingent on my acceptance in order for it to be given to my co-defendants. And since they were facing a much severe sentencing [sic] than myself this place me [sic] in a[ ] compromising position." App. at 98a. The fact that Wilson was motivated by a desire to assist his co-defendants in avoiding trial did not show coercion nor did it negate the voluntariness of his choice.

In moving to withdraw his guilty plea, Wilson argued that his plea was involuntary because it was part of a package plea. In denying Wilson's motion to withdraw for that reason, the District Court stated: "In package plea arrangements, the prosecutor offers a benefit or detriment to all (the defendant and third parties) in order to persuade the entire group to plead guilty." App. at 107a (citing United States v. Mescual-Cruz, 387 F.3d 1, 7 (1st Cir. 2004)).

The District Court explained its ruling denying Wilson's motion to withdraw his guilty plea by focusing on the relevant issue - voluntariness vel non. The Court stated:

> These arrangements obviously carry the risk that co-parties will exert pressure on the defendant to accept a plea that is against his or her personal interest. . . . If a plea is entered under coercive circumstances, it is unconstitutional and invalid. . . . But package plea agreements such as the one at issue here are not per se unconstitutional. The government is entitled to condition the benefits of a plea agreement on acceptance by co-defendants, and a defendant is entitled to accept the burdens of a plea based on a desire to assist others. . . . [T]he dispositive question in these cases, as in all others, is whether the defendant entered the plea knowingly and voluntarily.

7

The plea colloquy conducted by the court in this case reveals that defendant understood the consequences of his plea and had not been improperly pressured by the government or his co-defendant.

App. at 107a-08a (citations omitted).

This court recently addressed the voluntariness of "package pleas" in United States v. Hodge, 412 F.3d 479 (3d Cir. 2005). Hodge had argued that his Rule 11 plea colloquy had been deficient because the court did not know that his plea agreement was linked to that of his brother. We vacated Hodge's sentence and remanded for resentencing because the Government had violated the terms of the plea agreement by recommending life imprisonment at sentencing despite its agreement not to make any recommendation. In discussing the issue Wilson raises here, i.e., the effect of a package deal, we reviewed the colloquy for plain error, the standard required in United States v. Vonn, 535 U.S. 55 (2002), and determined that the court's colloquy with Hodge was not deficient.[3] Recognizing that "determining voluntariness in package deal situations is an especially delicate matter," we provided "guidance to . . . assist future district courts considering such pleas." Hodge, 412 F.3d at 489. We stated:

> [T]he parties must notify the district court that a package deal exists and state to the court on the record the specific terms of that deal. . . .
>
> Once a court has been told of a package deal, special care should be exercised during the Rule 11 plea colloquy to ensure that the defendant is pleading voluntarily.

_____

[3] In Vonn, the Supreme Court held that a defendant who fails to object to Rule 11 error must carry the burden of showing on appeal that the error was "plain, prejudicial, and disreputable to the judicial system." Hodge, 412 F.3d at 488 (quoting Vonn, 535 U.S. at 65).

Id. at 491.

Wilson relies on Hodge for his claim that his plea colloquy was deficient because the District Court did not know that the plea was part of a package deal before accepting Wilson's plea and did not take special care to determine that the plea was voluntary. The Government responds that the District Court did know that the plea agreement was part of a package deal. Moreover, it argues that because Hodge was decided after Wilson's sentencing, it was explicitly directed at "future district courts considering [package] pleas," id. at 489, and could not have been followed by the District Court here. We agree.[4]

Because Wilson's Rule 11 colloquy shows that the District Court took care to determine that Wilson's plea was not coerced, that Wilson entered a plea of guilty of his own free will, and that he understood the terms of his plea agreement, we conclude that the colloquy was not deficient.[5]

Enforcement of Wilson's waiver of appeal will not result in a miscarriage of justice. His colloquy was not marred by error and he knowingly and voluntarily waived his right to appeal. Accordingly, he is bound by the waiver, and that waiver deprives

---

[4] At oral argument, counsel for Wilson contended that Kentucky v. Griffith, 479 U.S. 314 (1987), required that the procedures mandated in Hodge be applied retroactively. We have held that "Griffith should be confined to constitutional rules of criminal procedure and thus does not require retroactive application of new procedural decisions not constitutionally grounded." Diggs v. Owens, 833 F.2d 439, 442 (3d Cir. 1987). Because the procedures adopted in Hodge are not mandated by the Constitution, we decline to apply them retroactively.

[5] Inasmuch as Wilson does not claim innocence and offers no valid reasons for withdrawal of his plea, we need not reach the issue of whether such a withdrawal would have prejudiced the Government. See, e.g., Jones, 336 F.3d at 255, Martinez, 785 F.2d at 115-16.

us of jurisdiction.[6]  Because Wilson waived his right to appeal, we will dismiss Wilson's appeal.

Accordingly, we will affirm the District Court's judgment of conviction and sentence.

---

[6]  We need not decide on this direct appeal the effect of the provision in the plea agreement waiving the right to take a collateral appeal.  Although this court has not addressed that issue, the Government argues that such waivers have been enforced in other circuits.  See e.g., United States  v. Cockerham, 237 F.3d 1179, 1183 (10th Cir. 2001) (holding "that a waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made."); Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000) (same); Watson v. United States, 165 F.3d 486, 488-89 (6th Cir. 1999)(same); United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994) (upholding an express waiver of postconviction proceedings, including proceedings under § 2255, because court could "see no principled means of distinguishing such a waiver from the [enforceable] waiver of a right to appeal").