**PEOPLE OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**AKEEM CORRASPE, Defendant**

Criminal Nos. ST-07-CR-0000199, ST-07-CR-0000230, ST-07-CR-0000258, ST-07-CR-0000259

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

April 4, 2008

SAMANTHA MATHURIN, ESQ., COURTNEY REESE, ESQ., JESSE M. BETHEL, ESQ., Assistant Attorneys General, Virgin Islands Department of Justice, St. Thomas, USVI, *Attorneys for the Plaintiff (ST-07-CR-0000199); (ST-07-CR-0000230); (ST-07-CR-0000258); (ST-07-CR-000259).*

HARRIS ANGELL, JR., ESQ., St. Thomas, USVI, *Attorney for the Defendant (ST-07-CR-0000199).*

STYLISH WILLIS, ESQ., St. Thomas, USVI, *Special Appointed Counsel for the Defendant.*

W. MARK WILCZYNSKI, ESQ., Law Offices of W. Mark Wilczynski, P.C., St. Thomas, USVI, *Attorney for the Defendant (ST-07-CR-0000230).*

SHARON SCHOENLEBEN, ESQ., St. John, USVI, *Attorney for the Defendant (ST-07-CR-0000230).*

4

JOHN H. BENHAM, ESQ., Watts, Benham & Sprehn, P.C., St. Thomas, USVI,
 *Attorney for the Defendant (ST-07-CR-0000258); (ST-07-CR-0000259).*

HOLLAR, *Judge*

## MEMORANDUM OPINION

(April 4, 2008)

## I. INTRODUCTION

This Court received an *ex parte, pro se* letter, on December 19, 2007 from the Defendant Akeem Corraspe, requesting that his global guilty plea entered November 26, 2007, be withdrawn. This Court thereafter alerted all counsel of record of the receipt of the letter and scheduled a status hearing on January 3, 2008. Appointed counsel in ST-07-CR-0000230 then filed a formal motion to withdraw the guilty plea on behalf of the Defendant. During the hearing on January 3, 2008, the Defendant stated that he requested the withdrawal of his guilty plea because of ineffective assistance of his counsel(s) in ST-07-CR-0000230. Having invoked a claim of ineffective assistance of counsel, the Court then scheduled an evidentiary hearing for January 31, 2008. Because the hearing required the Defendant's appointed counsel(s) of record to defend against claims by their client, the Defendant, the Court appointed Stylish Willis, Esq., as special appointed counsel for the Defendant, regarding his ineffective assistance of counsel claim, as well as the motion(s) to withdraw his guilty plea. All counsel involved in the "global plea," were required to attend the January 31, 2008 hearing. At the hearing, the Court heard the testimony of the Defendant, his appointed counsels in ST-07-CR-0000230, and the testimony of Defendant's counsels in the other cases. Following the testimony and arguments by counsel, the Court took the matter under advisement. After due deliberation and for the reasons that follow, Defendant's motion to withdraw his guilty plea is denied in all respects and the claim of ineffective assistance of counsel in ST-07-CR-0000230 is dismissed.

## II. PROCEDURAL AND FACTUAL HISTORY

On June 1, 2007, the victim, Pauliano Remy, was sitting on the passenger side of a vehicle in the vicinity of Hospital Ground when the Defendant purportedly fired shots into the vehicle where Remy and

5

another individual were located. Later that same day, Pauliano Remy died at the Roy Lester Schneider Hospital, as a result of a single gunshot wound to the abdomen. On June 14, 2007, the Defendant, Akeem Corraspe was arrested on a warrant, charging him *inter alia* with Remy's murder, in Case No. ST-07-CR-0000230. Bail was set at $1 Million Dollars ($1,000,000). The Defendant was advised of his rights on June 15, 2007, at which time bail was reduced to One Hundred Thousand Dollars ($100,000). Thereafter, Defendant was arraigned on June 21, 2007. The case was assigned to the Honorable Judge James Carroll. The People were represented by the V.I. Department of Justice, Courtney Reese, Esq., Assistant Attorney General. The Defendant was represented by Julie S. Todman, Esq., Office of the Territorial Public Defender: Attorney Todman subsequently submitted a Motion to Withdraw as counsel on July 16, 2007, citing a conflict of interest. Thereafter, on July 17, 2007, the Court appointed Mark Wilczynski, Esq., as the Defendant's new counsel. Following Attorney Wilczynski's appointment, Sharon Shoenleben, Esq., submitted a notice of appearance as co-counsel on July 25, 2007. At a pretrial conference held on November 6, 2007, Judge Carroll advised Attorney Shoenleben that he would officially appoint her as co-counsel.

Two (2) days after Pauliano Remy died, on Sunday, June 3, 2007, at approximately 12:30 p.m., Police Officer Aisha Smith was dispatched to the Hospital Ground/Berg's Home area where gunfire was purportedly heard.[1] Upon Officer Smith's arrival, she observed an individual, later identified as Akeem Corraspe, running with a machine gun in his hand. Although the Defendant threw the gun on the ground, Officer Smith apprehended and arrested the Defendant for unauthorized possession of a firearm. The weapon retrieved was a Black Colt AR15 (machine gun), model SP1, serial number SP1547341, having a magazine with a 30 round capability. One .223 round was found in the chamber with several rounds remaining in the magazine. On June 4, 2007, the Defendant was advised of his rights, at which time bail was set at Forty Five Thousand Dollars ($45,000). The Defendant's bail was later reduced to Twenty-Five Thousand Dollars ($25,000) by an Order issued on June 7, 2007. He was

---

[1] The Defendant had not yet been arrested for the June 1, 2007 murder of Pauliano Remy.

subsequently arraigned on June 14, 2007.[2] That case was docketed at ST-07-CR-0000199 and assigned to the undersigned judge. The People were represented by the V.I. Department of Justice, Samantha Mathurin, Esq., Assistant Attorney General. Harris Angell, Esq., was appointed to represent the Defendant.

Earlier in 2007, on March 1, 2007, Angus Monchery was walking from a friend's house in Anna's Retreat when the Defendant allegedly approached him with a gun and demanded Monchery's fourteen carat (14K) gold chain and money. The Defendant took two (2) 14K gold chains valued at Nineteen Hundred Dollars ($1900.00) from around Monchery's neck and then put his hands into Monchery's pockets taking out a knife and two cell phones. Thereafter, the Defendant threatened to kill Monchery if he called the police. Monchery later identified the Defendant as his assailant by selecting his picture out of a photo array.

On Friday, April 30, 2007, the Defendant again attacked Angus Monchery while he was walking home in the vicinity of Anna's Retreat. At the time Monchery was walking home, he heard someone say, "Don't move, you see how I could kill you. You rat on me. Give me your money, give me everything you got." Monchery told the Defendant that he did not have any money, but the Defendant shoved Monchery on the right side of his head with the barrel of a gun — while repeatedly telling Mr. Monchery that he wanted to kill him. Holding Monchery at gunpoint, Defendant reached into Monchery's front pockets and took Monchery's cell phone from him. The Defendant then attempted to put his hands in Monchery's back pockets, however Monchery managed to escape and fled as the Defendant fired two shots at him. The Defendant was arrested for the two separate offenses against Monchery at 6:14 p.m. on July 6, 2007. Defendant was advised of his rights in ST-07-CR-0000258 and ST-07-CR-0000259 on July 9, 2007. At his advice of rights hearing, the Court authorized his release in ST-07-CR-0000258 on an unsecured bond in the amount of Twenty-Five Thousand Dollars ($25,000). The Court also authorized his release in ST-07-CR-0000259 on an unsecured bond in the amount of Twenty-Five Thousand Dollars ($25,000). Unable to post bail in ST-07-CR-0000199 and ST-07-CR-0000230, the Defendant remained incarcerated. In ST-07-CR-0000258 and ST-07-CR-0000259,

---

[2] The Defendant was never able to post bail for the firearms offense, docketed at ST-07-CR-0000199 or for the murder case, docketed at ST-07-CR-0000230.

the People appeared through the V.I. Department of Justice, Jesse Bethel, Esq., Assistant Attorney General and John Benham, Esq., was appointed as counsel for Defendant.

On November 26, 2007, the Undersigned conducted a consolidated status and change of plea hearing. At the hearing, the Court advised all parties that no global plea would be accepted after the conclusion of the consolidated status/change of plea hearing. A recess was requested by counsel and granted in order to give all parties one last opportunity to finalize a global plea. When the proceedings reconvened, Assistant Attorney General Bethel advised the Court that he and Attorney Benham reached an agreement regarding cases ST-07-CR-0000258 and ST-07-CR-0000259, but that there was no global plea. Assistant Attorney General Reese concurred stating that no plea was reached in ST-07-CR-0000230. During said recitations Attorney Benham interrupted, to alert the Court that the Defendant may have had a change of heart regarding the rejection of a *global* plea. Attorney Wilczynski requested another recess to once again attempt to resolve all matters, which the Court granted.

At the end of the recess, Assistant Attorney General Bethel informed the Court that the Defendant accepted a global plea as follows: in criminal case ST-07-CR-0000230, the Defendant agreed to plead guilty to Count VI of an Amended Information, charging second degree murder. In exchange, the People agreed to recommend a period of twenty (20) years incarceration, and dismissal of the remaining counts. In case ST-07-CR-0000259, the Defendant consented to plead guilty to Count XI of an Amended Information, charging third degree robbery. In exchange, the People would move to dismiss the remaining counts, remain silent at sentencing, and recommend that the sentences for ST-07-CR-0000259 and ST-07-CR-0000230 run concurrently. The final term of the global plea was the dismissal of both case numbers ST-07-CR-0000199 and ST-07-CR-0000258. Counsel(s) for the People read the new counts into the record as they intended them to appear in the respective anticipated Amended Informations. The Court inquired whether the global plea was an "open plea." Counsel for the parties acknowledged that it was.

The Defendant was then sworn, advised of his constitutional rights, and *voir dired.* The Defendant was also advised that if it is subsequently learned that any of his answers or statements were false, he would be subject to perjury charges. The Court interrogated the Defendant in several areas to ensure that he understood the consequences of his plea —

specifically that the Court could impose the maximum sentence for each count he pled guilty to, regardless of the recommendations by counsel. The Clerk then read Count VI of the proposed Amended Information in ST-07-CR-0000230, and Count XI of the proposed Amended Information in ST-07-CR-0000259, at which time the Defendant pled "Guilty" to both counts. Attorney Reese gave the factual proffer pursuant to FED. R. CRIM. P. 11 as to what the People would have been able to prove regarding the circumstances in ST-07-CR-0000230, (second degree murder), while Attorney Bethel gave the proffer in ST-07-CR-0000259, (third degree robbery). Satisfied that the defendant entered his plea voluntarily and well informed, the Court accepted the Defendant's plea.

Before the scheduled date for sentencing, the Court informed counsel for the parties that she received a letter from the Defendant requesting permission to withdraw his guilty plea(s). Thereafter, appointed counsel(s) in ST-07-CR-0000230 filed a formal Motion to Withdraw the Guilty plea on the Defendant's behalf. Pursuant to FED. R. CRIM. P. 11, the Court is required to investigate the reason for the requested withdrawal of the plea. Accordingly, this Court scheduled a status hearing on January 3, 2008, during which time the Defendant again expressed his desire to withdraw his guilty plea as a result of *inter alia* the ineffective assistance of his counsel. The Defendant specifically accused his attorneys in ST-07-CR-0000230 of not listening to him and pressuring him to agree to a plea he did not want to take — even though he asserted his innocence. The Defendant also attributed his mother with pressuring him into a decision to plead guilty. Given the Defendant's assertion of a violation of his Sixth Amendment right to "effective assistance of counsel" and a request to withdraw his guilty plea pursuant to FED. R. CRIM P. 11(d)(2)(B), the court scheduled a hearing on January 31, 2008 to give the Defendant an opportunity to prove why he believed he was rendered ineffective assistance by his counsel in ST-07-CR-0000230 and to establish a "fair and just reason" for the withdrawal of his plea. The Court advised the parties that it would not accept another plea agreement if the current global plea was withdrawn and that the respective cases would be returned to the judges originally assigned for final disposition.

On January 31, 2008, the Court held an evidentiary hearing on Defendant's claims of ineffective assistance of counsel, and to determine if a fair and just reason existed to warrant a withdrawal of the Defendant's guilty plea(s). Assistant Attorney General Jesse Bethel was present to

9

represent the People in ST-07-CR-0000258 and ST-07-CR-0000259. Attorney Bethel also stood in for Assistant Attorneys General Samantha Mathurin and Courtney Reese, who were both absent due to scheduling conflicts. Attorney Harris Angell appeared on behalf of the defendant in ST-07-CR-0000199, Attorneys Wilczynski and Shoenleben as counsel in ST-07-CR-0000230, and Attorney John H. Benham as counsel in ST-07-CR-0000258, and ST-07-CR-0000259. Attorney Stylish Willis, specially appeared as limited appointed counsel for the Defendant, to advocate the Defendant's claim of ineffective assistance of counsel against Attorneys Wilczynski and Shoenleben in ST-07-CR-0000230 and to justify the Defendant's request to withdraw his plea.

After hearing the sworn testimony of the Defendant and the testimony of Attorneys Wilczynski and Shoenleben, who testified *inter alia* of their inability to locate the Defendant's alleged "alibi" witnesses, and hearing from other counsel for the Defendant and prosecutors, and considering exhibits identified and admitted into evidence, and hearing closing arguments by counsel, the Court advised the parties that it would take the matter under advisement.

## III. ANALYSIS

The two (2) issues to be decided by the Court are: (1) whether the Defendant's motion to withdraw his guilty plea, after acceptance by the court but before sentencing is warranted pursuant to FED. R. CRIM. P. 11 (d)[3]; and (2) whether the Defendant's Sixth Amendment guarantees of effective assistance of counsel were violated.

---

[3] FED. R. CRIM. P. 11(d) reads: (d) WITHDRAWING A GUILTY OR NOLO CONTENDERE PLEA. A defendant may withdraw a plea of guilty or nolo contendere:

> (1) before the court accept the plea, for any reason or no reason; or
> (2) *after* the court accepts the plea, but before it imposes sentence if:
>> (A) the court rejects a plea agreement under Rule 11(c)(5); or
>> (B) the defendant can show a fair and just reason for requesting the withdrawal. (Emphasis Added).

10

## A. Defendant's Motion(s) To Withdraw His Guilty Plea For A "Fair And Just Reason," After Acceptance By The Court And Before Sentencing Is Not Warranted Pursuant to FED. R. CRIM. P. 11(d)(2)(B).

██ Under FED. R. CRIM. P. 11(d)(2)(B), it is incumbent upon the Defendant to show a "fair and just reason" to withdraw an accepted pre-sentence guilty plea. *Government of the Virgin Islands v. Petersen,* 19 F. Supp. 2d 430, 437, 39 V.I. 339 (D.V.I. 1998). Although a motion to withdraw a guilty plea should be liberally construed and granted freely, the right to withdrawal is not absolute. *See Government of the Virgin Islands v. Berry,* 631 F.2d 214, 219, 17 V.I. 623 (3d Cir. 1980)[4]. Evaluating the withdrawal of a post-acceptance pre-sentence plea of guilt, the District Court of the Virgin Islands in *Petersen* held that:

> Three factors must be considered when a district court evaluates a motion to withdraw a guilty plea: (1) whether the defendant asserts his innocence; (2) whether the government would be prejudiced by his withdrawal; and (3) the strength of defendant's reasons to withdraw the plea.

*Petersen,* 19 F. Supp. 2d at 438 (quoting *Jones*[5], 979 F.2d at 318); *see also Wilson,* 429 F.3d at 458. With respect to the first prong, the *Jones* Court gave explicit guidance in proceeding with such a claim:

> We do not take lightly the right which every defendant possesses to have the protective cloak of innocence removed by trial. Nonetheless, the situation is different when the cloak has been shed voluntarily and knowingly before the court. The defendant must then not only reassert innocence, *but give sufficient reasons to explain why contradictory positions were taken before the district court and why permission should be given to withdraw the guilty plea and reclaim the right to trial.*

---

[4] *See United States v. Jones,* 979 F.2d 317, 318 (3d Cir. 1992) (district court has wide discretion to deny a motion to withdraw a guilty plea); *see also United States v. Wilson,* 429 F.3d 455, 458 (3d Cir. 2005).

[5] *Jones* was superseded by statute on other grounds as stated in, *United States v. Roberson,* 194 F.3d 408, 417 (3d Cir. 1999).

*Jones*, 979 F.2d at 318 (Emphasis added). Furthermore, such claims must be credible and factually supported because "*bald assertions of innocence, . . . are insufficient to permit a defendant to withdraw [a] guilty plea.* Assertions of innocence must be buttressed by facts in the record that support a claimed defense." *See Wilson*, 429 F.3d at 458 (quoting *United States v. Brown*, 250 F.3d 811, 818 (3d Cir. 2001)) (Emphasis Added).

### 1. Assertion of Innocence

■ Under the first factor cited in *Petersen*, the Defendant Corraspe at the January 3, 2008 status hearing did not assert or allege his innocence, nor did he mention any alibi witnesses. Instead, he prefaced his reasons for withdrawing his guilty plea on his unawareness of the possibility of suppressing certain evidence, in order to "*beat*" his case. Only during testimony by Defendant's appointed counsel(s) on January 31, 2008 was the issue of "alibi" witnesses first mentioned. Surprisingly, at no time during the January 31, 2008 hearing did Defendant proffer what his alleged alibi witnesses would state. Although Defendant advised his attorneys that his mother and others could locate his witnesses, none ever surfaced. Despite diligent efforts made through the investigative services of the offices of the Defense counsel to find the witnesses, and after repeated inquiry of his mother and others, no information was forthcoming to locate any alibi witnesses. Since no alibi witnesses were ever located and the substance of their testimony was never disclosed by the Defendant or anyone else, the bald assertion of innocence is insufficient to substantiate a guilty plea withdrawal.

### 2. Prejudice to the Government

Under the second factor, the Court looks at the potential prejudice to the Government if Defendant's guilty plea is withdrawn. Counsel for the People, Jesse Bethel, Esq., testified and argued at length regarding the potential prejudice to the People if forced to re-open four (4) criminal prosecutions that were assigned to three (3) different Judges of this Court. Particular prejudices articulated included the danger of the unavailability of witnesses and the inherent prejudices incident to the delay. Though relevant, the circumstances here do not independently establish *overwhelming* prejudice to the People. Nonetheless, the Court considered this factor in context with the other factors of the *Petersen* analysis.

12

### 3. Strength of the Reasons for Withdrawal

 Separate and apart from the alleged violation of his Sixth Amendment constitutional rights, the Defendant's reasons in seeking a withdrawal of his guilty plea is premised on alleged pressure he received from his mother and appointed counsel and his apparent unawareness of the possibility of suppressing certain evidence in an attempt to "beat his case." These reasons are insufficient to warrant withdrawal. The Defendant withstood the "pressure" he received from his mother when he originally rejected the plea before changing his mind. Moreover, it was not unexpected that the Defendant would seek his mother's presence and ·solicit her advice during the plea negotiations since he had only recently turned 18. Additionally, the Defendant was extensively questioned by the Court on November 26, 2007 during the Rule 11 interrogation to ascertain whether he was making a free and informed choice in choosing to enter into the global plea arrangement. Under oath, Defendant unequivocally stated he was.

### B. The Defendant's Sixth Amendment Guarantee For Effective Assistance of Counsel Was Not Violated.

The Defendant's letter to the Court as well his statement in open court at the status hearing held on January 3, 2008, confirmed that the reason he was seeking to withdraw his guilty plea was due to his displeasure with the representation provided to him by his appointed counsels in Crim. No. ST-07-CR-0000230. Thus, Defendant's withdrawal of his plea was based upon a claim of ineffective assistant of counsel, amounting to a "fair and just reason" under FED. R. CRIM. P. 11.

 Recently, this Court extensively analyzed the requisite proof necessary to prevail on a claim of ineffective assistance of counsel. In *Delsol v. Government of the Virgin Islands*, 49 V.I. 119 (2007), this Court relied heavily on the holding in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), which established that a defendant has the burden to prove that counsel's performance fell below an "objective standard of reasonableness" and failed to provide "reasonably effective assistance." *Delsol*, 49 V.I. at 129 (quoting *Strickland*, 466 U.S. at 687-88, 104 S. Ct. at 2064). The *Strickland* Court held that this burden consists of two parts: First, the defendant must show that counsel committed errors that were seriously deficient, denying him

13

his fundamental right pursuant to the Sixth Amendment to the United States Constitution.[6] Secondly, the defendant must prove that this deficient conduct resulted in a prejudicial and unfair trial. *Id.* Furthermore, as this Court recognized in *Delsol*, the U.S. Supreme Court has spoken with respect to the particular issue raised in the instant matter by holding the *Strickland* standard applicable to guilty plea challenges. *See Delsol*, 49 V.I. at 133-134; *See also Hill v. Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985). In so doing, the Court stated that the first prong of the *Hill* test was a reapplication of the "attorney competence" test already set forth under *Strickland*. *Hill*, 474 U.S. at 58, 106 S. Ct. at 370. The second prong, the prejudicial aspect, however, differs to the extent that, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59, 106 S. Ct. at 370. With respect to the second part, the *Hill* Court stated that although the analysis will be similar, there remains a precise distinction between post-plea and post-trial challenges based on ineffective assistance of counsel. *Id.* Hence,

> [f]or example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on *the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea.* This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial. Similarly, where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the "prejudice" inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial.

*Id.* at 59, 106 S. Ct. at 371.

---

[6] The Sixth Amendment to the U.S. Constitution is applicable in the Virgin Islands pursuant to § 3 of the Revised Organic Act of 1954, as amended, 48 U.S.C. § 1561. The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541-1645, reprinted in V.I. CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 73-177 (1995 & Supp. 2003) (preceding V.I. CODE ANN. tit. 1).

■ In the case *sub judice*, the Defendant has failed to meet the requisite burden in support of his claim of ineffective assistance of counsel. The Defendant's testimony does not provide any insight regarding his claim, particularly because he merely alleges that an investigator working with both of his appointed counsels in ST-07-CR-230 effectively denied him the opportunity to seek and gather witnesses on his behalf and only discussed with him the availability of entering into a plea deal. However, both Attorneys Wilczynski and Shoenleben, testified to their inability to locate the so-called "alibi" witnesses the Defendant provided. Upon considering the absence of any "alibi" witnesses[7], the nature of the charges, the substantial evidence against the Defendant and the risk of the 18 year old Defendant being sentenced to life imprisonment without parole, it was counsels' advice that Defendant consider the "global plea." The Defendant's naked, unsubstantiated assertion of innocence and the ineffectiveness of his counsel are simply not enough to meet the *Hill* burden. Moreover, the Defendant was specifically questioned at his change of plea hearing regarding his satisfaction with the representation provided by his attorneys, and whether the decision to plead guilty was voluntary and un-coerced, to which he responded affirmatively. The inescapable conclusion, therefore, is that the Defendant made a tactical and strategic choice to plead guilty and he now seeks to withdraw the plea without showing how his attorneys failed to provide him effective and confident representation in accordance with the Sixth Amendment. No other "fair and just" reason for requesting withdrawal was provided.

## IV. CONCLUSION

The Defendant has failed to identify and substantiate specific facts amounting to a "fair and just reason" for withdrawing his guilty plea. The Defendant: (1) has made only bald assertions of innocence without providing any underlying evidentiary support; (2) has not shown how the People would not be prejudiced by the withdrawal; (3) has not articulated and substantiated a fair and just reasons for withdrawing his plea; and (4) has failed to meet his burden in proving that his appointed counsel in ST-07-CR-230 deprived him of his constitutional right to effective

---

[7] The Defendant never testified about who these alibi witnesses were, what they would say regarding his whereabouts, or where they could possibly be found.

assistance of counsel under the Sixth Amendment. Accordingly, the Defendant's motion to withdraw his guilty plea is denied and Defendant's claim of ineffective assistance of counsel is dismissed.