

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-17-2008

# USA v. Stephens

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4145

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Stephens" (2008). *2008 Decisions.* Paper 99.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/99

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4145
_____

UNITED STATES OF AMERICA

v.

KEITH STEPHENS,
Appellant

_____

Appeal from the
United States District Court for the
District of New Jersey
(D.C. Criminal No. 06-cr-00249)
District Judge: Honorable Jose L. Linares

_____

Submitted Under Third Circuit LAR 34.1(a)
November 21, 2008

_____

Before: BARRY and CHAGARES, <u>Circuit Judges</u>, and RESTANI[*], <u>Judge</u>

(Opinion Filed: December 17, 2008 )

_____

OPINION

_____

RESTANI, <u>Judge</u>.

---

[*] Honorable Jane A. Restani, Chief Judge of the United States Court of
International Trade, sitting by designation.

We write for the parties only.

Appellant Keith Stephens pled guilty to a one-count information charging conspiracy to defraud with access devices under 18 U.S.C. § 1029(b)(2). Stephens was sentenced to a term of imprisonment of 43 months, which is within the Guidelines range for an offense level of 21. In his plea agreement, Stephens agreed to waive his right to appeal such a sentence.

Stephens argues that the waiver of the right to appeal should be invalidated, as failure to grant him a downward departure results in a miscarriage of justice due to his exceptional circumstances. The miscarriage of justice exception is to be applied sparingly after consideration of the clarity, gravity, and character of the error, the error's impact on the parties, and the extent of the defendant's acquiescence. United States v. Wilson, 429 F.3d 455, 458 (3d Cir. 2005) (citation omitted). There is nothing extraordinary or exceptional about Stephens's claims of extenuating circumstances as to his youth, first felony offense, cooperation, lack of education, mental and physical state, community ties, and family responsibilities. In any case, the sentencing court heard and considered all such claims, and it is unlikely any error was committed. Thus, this is not an appropriate case for invalidating a waiver of appeal.

Accordingly, appellant's appeal will be dismissed.[1]

_____

[1] This matter did not proceed on the basis of the government's Motion for Summary Action, as such motion was filed some months after the government first entered a notice of appearance. By that time, various activities in the case had taken

(continued...)

2

---

[1](...continued)
place, including the filing of appellant's brief.  This case is not a model for efficiently obtaining a dismissal of appeal based on a waiver.  Accordingly, we reject the government's request for a precedential opinion setting forth what that model should be.