**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 17-3286

———————

UNITED STATES OF AMERICA

v.

PAUL STAMM,
AKA "xxxsexsd",
AKA "Mitch Tryjankowski",
AKA "John Doe-8"

Paul Stamm,
                    Appellant

———————————————————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-16-cr-00082-009)
District Judge: Honorable Yvette Kane

———————————————————

Submitted Under Third Circuit LAR 34.1(a)
October 22, 2018

Before:  KRAUSE, COWEN, and FUENTES, *Circuit Judges*

(Opinion filed: November 19, 2018)

———————

OPINION[*]

———————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Paul Stamm appeals his conviction for conspiracy to produce child pornography, arguing that the District Court erred by accepting his guilty plea and then later erred again by not allowing him to withdraw the plea. For the reasons that follow, we will affirm.

## I. Background

Stamm was charged with and pleaded guilty to conspiracy to produce child pornography in violation of 18 U.S.C. §§ 2251(a) and 2251(e). Five months after pleading guilty—and just after the United States Probation Office submitted a presentence report recommending a lengthy prison sentence—Stamm sought to withdraw his plea. The District Court denied both Stamm's initial motion to withdraw the plea, and Stamm's renewed motion. This appeal followed.

## II. Discussion[1]

Stamm makes three arguments concerning his guilty plea, two regarding the District Court's initial acceptance of his plea and a third regarding his attempt to withdraw the plea.[2] None is persuasive.

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291. We review an alleged Rule 11 violation raised for the first time on appeal for plain error. *United States v. Vonn*, 535 U.S. 55, 59 (2002). We review a District Court's ruling on a motion to withdraw a guilty plea for abuse of discretion. *United States v. Siddons*, 660 F.3d 699, 703 (3d Cir. 2011).

[2] Both parties acknowledge that Stamm's plea agreement contained an appellate waiver and take opposing positions about whether we should set the waiver aside. Because all of Stamm's challenges on appeal concern the validity of his guilty plea itself, his argument that we should set aside the appeal waiver rises and falls with his other challenges. *See*

*First*, Stamm contends the District Court committed plain error by accepting his plea because he never "ma[d]e any admission" that his victim was underage, Appellant's Br. 24, and therefore never pleaded guilty to an essential element of the charge: exploitation of a "minor." 18 U.S.C. § 2251(a). In support of this contention, Stamm points out that the "Factual Basis" document he signed in connection with his guilty plea, which was his affirmation of the facts underlying his conviction, did not explicitly state that the victim ("Victim-1") was a minor. Nor did he expressly concede Victim-1's age during his plea colloquy. Though technically true, these observations do not point up any error that "affect[ed] . . . substantial rights," as required for Stamm to establish plain error. *United States v. Goodson*, 544 F.3d 529, 539 (3d Cir. 2008). In the context of a guilty plea, a defendant must establish that an error affected his substantial rights by showing "a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

Stamm has not made this showing. To the contrary, the record is replete with evidence that Victim-1 was a minor and that Stamm clearly understood that, by pleading guilty, he was admitting this was true. For example, the superseding indictment alleged that he conspired "to entice and coerce a *minor*, Victim-1, to engage in sexually explicit conduct." App. 33 (emphasis added). In addition, at his arraignment, the Magistrate Judge stated that the only charge against him pertained to "conspiring to entice a *minor* to

_____

*United States v. Wilson*, 429 F.3d 455, 458 (3d Cir. 2005) (holding that an appellate waiver should be set aside if the defendant should have been allowed to withdraw his plea). Accordingly, we need not treat the validity of the appeal waiver as a separate issue.

3

engage in sexually explicit activity." Transcript of Initial Appearance and Arraignment Proceedings, *United States v. Stamm*, No. 1-16-cr-00082-YK, ECF No. 506, at 6 (May 31, 2017) (emphasis added). The Factual Basis document that Stamm criticizes also refers to Victim-1 as a "boy" multiple times. App. 102–03. And the plea agreement itself—signed by Stamm—makes clear that Stamm was pleading guilty to "Criminal Conspiracy to Produce *Child* Pornography." App. 59 (emphasis added).[3] Moreover, even after Stamm sought to withdraw his guilty plea, he never posited that Victim-1 was not a minor. In fact, he acknowledged the opposite when testifying at the hearing on his motion to withdraw the plea by repeatedly referring to Victim-1 as a "minor." App. 151. In short, on this point, Stamm has not demonstrated error, let alone plain error.[4]

*Second*, Stamm quibbles with an apparent slip of the tongue by the Magistrate Judge at his plea hearing, who stated that Stamm was being charged with violating subsection (b) of 18 U.S.C. § 2251, when Stamm had actually been indicted under subsections (a) and (e). He argues that this error "materially hampered [his] ability to assess the risks and benefits of pleading guilty," Appellant's Br. 18 (citing *United States v. Powell*, 269 F.3d 175, 185 (3d Cir. 2001)), and that the District Court therefore

---

[3] That some of this evidence is drawn from "outside the four corners of the transcript of the plea hearing and Rule 11 colloquy" is of no moment. *Vonn*, 535 U.S. at 75. Contrary to Stamm's contention that this rule applies only to certain types of Rule 11 errors, *Vonn* is not so limited. *See id.* at 74 (holding that the scope of an appellate court's inquiry into "a Rule 11 violation" goes beyond plea proceedings).

[4] As Stamm concedes, to accept a guilty plea, the District Court needed only "sufficient evidence in the record as a whole to justify a conclusion of guilt." *United States v. Lessner*, 498 F.3d 185, 197 (3d Cir. 2007). For the reasons explained, the record here was more than sufficient.

4

committed plain error by accepting his plea. This argument fails both because Stamm is citing the standard for harmless error review, not plain error review, *see Powell*, 269 F.3d at 185, and because, as with Stamm's first argument, the record makes clear that Stamm knew precisely what crime he was admitting to and made a knowing and voluntary decision to admit to it.

Both Stamm's superseding indictment and his signed plea agreement state the correct subsections of § 2251; the Magistrate Judge referred to each of those documents throughout the plea hearing and confirmed that Stamm understood he was pleading guilty to Count 2 of the superseding indictment, which reflects the correct subsections of § 2251; and the Government's counsel summarized the plea agreement at the plea proceeding, recounting that Stamm was pleading guilty to "Count 2 of the . . . indictment[,] [which] . . . charges him with conspiracy to produce child pornography, in violation of . . . *Section 2251(a)*[,] . . . brought pursuant to . . . *Section 2251(e)*," App. 113–14 (emphasis added).[5] The plea agreement also advised Stamm explicitly of the risks and benefits of pleading guilty, including his minimum and maximum sentence exposure for the charged offenses, the rights he was giving up, and the Government's agreement not to bring further criminal charges against him. Accordingly, the Magistrate Judge's misstatement did not "materially hamper[] [Stamm's] ability to assess the risks and benefits of pleading guilty," Appellant's Br. 18, much less support "a reasonable

---

[5] In any event, subsection (b) is so obviously inapplicable, Stamm's suggestion that he was confused on this point is implausible. *See* 18 U.S.C. § 2251(b) (applying to a "parent, legal guardian, or person having custody or control of a minor" who allows the minor to be used in the production of child pornography).

probability," *Dominguez Benitez*, 542 U.S. at 83, that he would not have entered the plea but for the error.

*Third*, Stamm argues that the District Court abused its discretion by denying Stamm's renewed motion to withdraw his guilty plea, which was predicated on Stamm's alleged "overwhelming mental and physical stress" at his plea hearing that supposedly affected his comprehension of the plea, as well as allegations that his attorney misinformed him about the elements of the charge against him and the mandatory minimum sentence attending the charge. Appellant's Br. 21. At bottom, this argument amounts to a recycling of the points already considered by the District Court in denying Stamm's motion to withdraw the plea.

We perceive no error in that denial. Stamm does not highlight any specific way in which the District Court abused its discretion, and our review of the record reveals none. Rather, the record shows that in weighing "the strength of [Stamm's] reasons for withdrawing [his] plea" and Stamm's "assert[ion] [of] his innocence," *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003), the District Court considered testimony from both Stamm and Stamm's attorney that supported its ultimate decision. That decision depended in part on a credibility assessment that led the District Court to believe the account of Stamm's attorney over that of Stamm. The District Court was best positioned to assess that conflicting testimony, and the record presents no reason to question its assessment. *See United States v. Mallory*, 765 F.3d 373, 382 (3d Cir. 2014). The District Court thus did not abuse its discretion in denying Stamm's motion to withdraw his plea.

6

### III. Conclusion

For the reasons stated above, we will affirm.