NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-2816

_____

UNITED STATES OF AMERICA

v.

TIMOTHY KEYES,

Appellant

_____

Appeal from the United States District Court
for the District of Delaware
(District Court No. 1-18-cr-00017-001)
District Judge: Honorable Leonard P. Stark

_____

Submitted Under Third Circuit LAR 34.1(a)
on January 20, 2023

Before: AMBRO, PORTER, and FREEMAN, <u>Circuit Judges</u>

(Opinion Filed: February 7, 2023)

_____

OPINION*

_____

_____

* This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not constitute
binding precedent.

**AMBRO**, Circuit Judge.

On March 5, 2018, Timothy Keyes was charged in a two-count information alleging possession of firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and possession of heroin with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(c).

In April 2018, the District Court held a plea hearing that did not go smoothly. After Keyes admitted he was receiving treatment for oxycodone and heroin abuse, he testified that he had taken neither substance in the past 48 hours. When the Court asked him whether he understood what was happening at the hearing, Keyes replied in the affirmative but the Court noted he "look[s] a little unsure." The hearing continued after Keyes's assurances.

But when the Court asked whether Keyes was familiar with the information to which he was pleading guilty, he admitted he was not and asked for time to review it with his lawyer. The hearing recessed for 30 minutes. After the hearing resumed, Keyes affirmed his intention to enter a guilty plea. The Government's counsel then summarized the plea agreement. But when Keyes had an opportunity to respond, he stated:

> It's just a lot of stuff there that was read that I didn't, didn't read. So I mean even with the recess that we just had, it's just a lot of the forfeitures, and I expect this and I expect that. I don't, I really don't understand it. I'll be honest with you. I mean we meet in the hallway and we talked and he went over a few things with me, but there is just a lot of things in here that I just don't understand, your Honor. A130–31.

2

The Court then explained the plea agreement to Keyes, who objected to admitting the elements of the offense. After a 20-minute recess, during which Keyes conferred with his counsel, he withdrew his objection and entered a guilty plea.

Keyes's plea agreement contained the following provision:

> The defendant knows that he has, and voluntarily and expressly waives, the right to file any appeal, any collateral attack, or any other writ or motion after sentencing – including, but not limited to, an appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, or a motion under 28 U.S.C. § 2255. Notwithstanding the foregoing, the defendant reserves his right (1) to file an appeal or other collateral motion on the grounds that he received ineffective assistance of counsel; and (2) to appeal his sentence if: (a) the government appeals from the sentence, (b) the defendant's sentence exceeds the statutory maximum for the offense set forth in the United States Code, or (c) the sentence unreasonably exceeds the Sentencing Guidelines range determined by the District Court in applying the United States Sentencing Guidelines. A26.

Keyes sought to withdraw his guilty plea one month later. The Court denied that motion after finding Keyes failed to make a credible showing that he is innocent of either count, did not present strong reasons for withdrawing his plea, and that his plea was made knowingly, intelligently, and voluntarily. Keyes appealed to us.[1]

## II

We will affirm because it is not a miscarriage of justice to hold Keyes to an appellate provision waiver he knowingly and voluntarily accepted. *See United States v. Wilson*, 429 F.3d 455, 460 (3d Cir. 2005) (declining to review merits of appeal barred by plea-waiver provision because enforcing the waiver will not result in a miscarriage of

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under § 1291.

3

justice).  Even if we were to overlook this waiver, we would hold that the District Court did not abuse its discretion in denying Keyes's motion to withdraw his guilty plea.

We are satisfied that Keyes knowingly and voluntarily entered his guilty plea because his decision was made deliberately.[2]  Every time Keyes had an issue at the plea hearing, he conferred with counsel.  And after doing so, he represented that he was satisfied and ultimately decided to enter a guilty plea.  "Solemn declarations in open court carry a strong presumption of verity," and Keyes has not overcome that presumption.  *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).  We are also unpersuaded that he was under the influence of narcotics at the hearing.  He therefore must be held to the terms of his plea agreement.

The plain text of Keyes's plea agreement provides that he waived the right to file this appeal, and we reject his contention that his appeal falls outside the appellate waiver provision because the District Court's colloquy altered its terms.[3]  We recognize that "a statement made by the [] court during the colloquy can create ambiguity where none exists in the plain text of the plea agreement."  *See United States v. Saferstein*, 673 F.3d 237, 243 (3d Cir. 2012).  But we find no such ambiguity here.  The Court read the appellate waiver provision to Keyes and then emphasized that it limited his ability to appeal his sentence.  The Court's emphasis on one aspect of the appellate waiver did not

---

[2]     We review the validity of a waiver of appellate rights *de novo*.  *See United States v. Khattak*, 273 F.3d 557, 560 (3d Cir. 2001).

[3]     "We exercise plenary review in deciding whether an issue raised by a defendant falls within the scope of an appellate waiver in his plea agreement."  *United States v. Goodson*, 544 F.3d 529, 537 n.6 (3d Cir. 2008).

render the provision ambiguous or limit its scope. *See United States v. Castro*, 704 F.3d 125, 137 (3d Cir. 2013) (rejecting appellant's argument that "a district court's emphases and omissions during a plea colloquy may [] alter the defendant's understanding of the plain terms of the plea agreement.").

We will therefore enforce the agreement unless doing so would result in a miscarriage of justice. *See United States v. Price*, 558 F.3d 270, 283 (3d Cir. 2009). We know of no compelling circumstances that suggest it would be a miscarriage of justice to enforce an agreement Keyes knowingly and voluntarily entered. We therefore will affirm because the plea agreement bars this appeal.

Our disposition would remain the same even if we were to consider the merits of Keyes's appeal. To withdraw his guilty plea, he was required to show "a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The District Court denied his motion after considering three factors: "(1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal." *United States. v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003).[4] We agree with the District Court that Keyes did not provide a sufficient reason for the withdrawal because his assertion of innocence is not credible, *see id.* at 252 (requiring that assertions of innocence be "buttressed by facts in the record that support a claimed defense"), and we have already rejected his proffered reason for withdrawing the guilty plea (that it was not entered knowingly or

---

[4]    We review the decision to deny Keyes's motion for withdrawal of a guilty plea for abuse of discretion. *See United States v. Wilson*, 429 F.3d 455, 458 (3d Cir. 2005).

voluntarily).  We therefore hold the District Court did not abuse its discretion in denying

Keyes's motion.