

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-2-2009

# USA v. Chesney

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2494

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Chesney" (2009). *2009 Decisions.* Paper 1946.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1946

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-2494
_____

UNITED STATES OF AMERICA

v.

WAKEEM CHESNEY,
                              Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Criminal No. 04-cr-00188)
District Judge:  The Honorable Anita B. Brody

_____

Submitted Under Third Circuit LAR 34.1(a)
January 16, 2009

_____

Before: SLOVITER, BARRY, and SILER,[*] Circuit Judges.

(Opinion Filed: February 2, 2009)

_____

OPINION OF THE COURT
_____

_____

        *The Honorable Eugene E. Siler, Jr., Senior Circuit Judge for the United States Court of
Appeals for the Sixth Circuit, sitting by designation.

1

SILER, Circuit Judge.

Appellant, Wakeem Chesney, entered into a plea agreement with the Government, whereby he agreed to plead guilty to four counts of the indictment: (1) conspiring to interfere with interstate commerce by robbery in violation of 18 U.S.C. § 1951(a), (2) interfering with interstate commerce by robbery in violation of 18 U.S.C. § 1951(a), (3) using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1), and (4) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The plea agreement included a broad appeal-waiver provision precluding Chesney from appealing his conviction or sentence unless the Government appealed or the sentence exceeded the statutory limits or unreasonably exceeded the Guidelines range. Prior to sentencing, Chesney filed a motion to withdraw his guilty plea, which the district court denied. The district court sentenced him to 161 months' incarceration, a $2,000 fine, a $400 special assessment, and five years' supervised release. On appeal, Chesney argues that (1) the district court should have granted his motion to withdraw his guilty plea, (2) his sentence was unreasonable, and (3) the appellate waiver provision does not bar the appeal because the waiver would effect a miscarriage of justice. We will affirm.

**A.**

A defendant may withdraw a guilty plea prior to sentencing " if the defendant can show a fair and just reason for requesting the withdrawal." FED. R. CRIM. P. 11(d)(2)(B). In deciding whether to grant the motion, the district court considers three factors: "(1)

2

whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal." *United States v. Wilson*, 429 F.3d 455, 458 (3d Cir. 2005). The district court did not abuse its discretion in denying Chesney's motion to withdraw his guilty plea because Chesney did not establish a fair and just reason for withdrawal.

Chesney did not present any evidence of actual innocence or lack of prejudice, and the district court ensured that the guilty plea was knowing, intelligent, and voluntary during the Rule 11 colloquy. His argument that the district court lacked jurisdiction because his conduct did not have a sufficient impact on interstate commerce is without merit. Robbing a store engaged in interstate commerce is sufficient to give rise to federal jurisdiction under the Hobbs Act. *United States v. Haywood*, 363 F.3d 200, 209-10 (3d Cir. 2004).

B.

Chesney knowingly and voluntarily waived the right to appeal the reasonableness of his sentence, the minimum in the correctly calculated advisory Guidelines range. *See United States v. Khattak*, 273 F.3d 557, 563 (3d Cir. 2001). The language of the plea agreement is clear as to its purpose and effect. *See United States v. Gwinnett*, 483 F.3d 200, 203 (3d Cir. 2007). Chesney signed the agreement, acknowledging that he had fully discussed it with his attorney. As discussed above, the district court complied with the requirements of Federal Rule of Criminal Procedure 11 to ensure that the waiver was knowing and voluntary. The district court explained that Chesney was giving up substantial appellate rights in the plea

agreement, and Chesney confirmed that he understood the effect of the appellate waiver provision. *See Khattak*, 273 F.3d at 563.

The district court did not reinstate Chesney's appellate rights through its comments at sentencing that his jurisdictional challenge was preserved for appeal or that Chesney had the right to appeal his sentence within ten days. After noting that his jurisdictional challenge was preserved for appeal, the district court explained that the appellate court may not even hear the issue because Chesney had waived many of his rights to appeal. The post-sentencing explanation of Chesney's standard appellate rights was consistent with the appellate waiver. The waiver does not prevent Chesney from filing an appeal; it merely states that he waives his right to do so subject to a few exceptions. Further, the district court's comments at sentencing did not affect Chesney's decision to plead guilty or waive his appellate rights. *See, e.g.*, *Khattak*, 273 F.3d at 563 n.7.

The terms of the plea agreement do not prevent enforcement of the appeal waiver. This appeal falls squarely within the terms of the waiver: it is a direct appeal under 28 U.S.C. § 1291 and is not in response to an appeal by the Government or a sentence that exceeded statutory limits or unreasonably departed upward from the Guidelines range. This appeal is not permitted by any of the specific exceptions in the plea agreement. The district court's decision to impose a four-level sentencing enhancement does not constitute an upward departure from the Guidelines range. *See United States v. Shedrick*, 493 F.3d 292, 298 n.5 (3d Cir. 2007).

4

C.

Enforcing the appeal waiver does not result in a miscarriage of justice. *See United States v. Jackson*, 523 F.3d 234, 244 (3d Cir. 2008). The district court did not commit procedural errors at sentencing that could give rise to a miscarriage of justice. The district court did not commit clear error by concluding that Chesney caused "bodily injury" when he hit the store manager with his gun causing a cut on his jaw line that began to bleed. U.S. SENTENCING GUIDELINES MANUAL §§ 2B3.1(b)(3)(A), 1B1.1 cmt. n.1 (2005) (defining "bodily injury" as "any significant injury; e.g., an injury that is painful and obvious"). It also did not commit clear error by concluding that Chesney used "physical restraint" when he held the store manager behind the cash register and told him to go to the back room at gunpoint. U.S. SENTENCING GUIDELINES MANUAL §§ 2B3.1(b)(4)(B), 1B1.1 cmt. n.1 (2005) (defining "physical restraint" as "the forcible restraint of the victim"); *United States v. Copenhaver*, 185 F.3d 178, 180-83 (3d Cir. 1999).

For the foregoing reasons, we will affirm the judgment of the district court.