NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-3956
_____

UNITED STATES OF AMERICA

v.

WAYNE CALABRETTA,
                                        Appellant


_____


APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Crim. No. 05-cr-00519)
District Judge:  Honorable Dickinson R. Debevoise


_____


Submitted Under Third Circuit L.A.R. 34.1(a)
May 13, 2010
Before:   BARRY, WEIS and ROTH, Circuit Judges.

Filed: June 29, 2010
_____

OPINION
_____

WEIS, Circuit Judge.

        Defendant pleaded guilty to scheming to defraud a financial institution, in

violation of 18 U.S.C. §§ 1344 and 2.  The District Court sentenced him to, among other

1

things, twelve months and one day in prison and ordered him to pay restitution. Despite waiving the right to appeal his sentence, defendant now challenges a portion of the restitution order. We hold that enforcement of the waiver would not result in a miscarriage of justice and will affirm the sentence.

From 1995 to 2002, defendant opened a number of credit card accounts using his relatives' names and personal identifying information without their knowledge or permission. He then used these accounts to pay off his own personal debt. In 2005, he was charged with six counts of bank fraud, one count of credit card fraud, and one count of fraudulent use of a social security number. Defendant ultimately pleaded guilty to a one-count Superseding Information.

According to the Plea Agreement, defendant consented to pay an unspecified amount of restitution in accordance with 18 U.S.C. § 3663. He also "voluntarily waive[d] the right to file any appeal[ or] any collateral attack . . . which challenge[d] the sentence imposed by the sentencing court[,]" provided that the sentence was within an agreed-upon range under the Guidelines. For purposes of calculating that range, defendant stipulated that his crime "result[ed] in a loss of more than $70,000, but less than $120,000."

The district judge opened the sentencing hearing by describing the government's two restitution proposals. The first asked for repayment of $121,734.97. The second sought restitution in that amount to J.P. Morgan Chase, the defrauded bank.

2

In addition, $49,007.36 would be paid to one of the defendant's victims for legal fees incurred as a direct result of the defendant's crime. Specifically, the victim had retained counsel to defend against claims by credit card companies and collection agencies taken in by the scheme. When asked about the two restitution proposals, defense counsel stated that he "would leave restitution to the Court's discretion. We take no position. Either plan is fine with us."

Defendant now argues that restitution covering the victim's legal fees is not permitted by 18 U.S.C. § 3663 or § 3663A. Before addressing that question, we must determine whether defendant has waived his right to raise this issue on appeal. See United States v. Gwinnett, 483 F.3d 200, 203 (3d Cir. 2007) (court "will not exercise . . . jurisdiction to review the merits of . . . appeal if" it finds that appellate waiver is valid).[1]

"Waivers of appeals, if entered into knowingly and voluntarily, are valid, unless they work a miscarriage of justice." United States v. Khattak, 273 F.3d 557, 563 (3d Cir. 2001). Defendant does not dispute that the waiver in this case was knowing and voluntary. Rather, he contends that, because the restitution imposed is contrary to federal statutes, enforcing the waiver would result in a miscarriage of justice.

Although we have declined to precisely define the phrase "miscarriage of

---

[1] We review the validity of an appellate waiver de novo. United States v. Mabry, 536 F.3d 231, 236 (3d Cir. 2008). Defendant bears the burden of showing that such waiver should not be enforced. See United States v. Khattak, 273 F.3d 557, 563 (3d Cir. 2001).

justice," we have observed that it "connotes something grave and out of the ordinary[,]" suggesting more than "mere legal error."  United States v. Mabry, 536 F.3d 231, 239 (3d Cir. 2008).  "A waiver of the right to appeal includes a waiver of the right to appeal difficult or debatable legal issues - indeed, it includes a waiver of the right to appeal blatant error."  Khattak, 273 F.3d at 562 (quoting United States v. Howle, 166 F.3d 1166, 1169 (11th Cir. 1999)).  Knowing and voluntary waivers should be nullified "sparingly and without undue generosity."  United States v. Wilson, 429 F.3d 455, 458 (3d Cir. 2005) (quoting United States v. Teeter, 257 F.3d 14, 26 (1st Cir. 2001)).

At no point during the sentencing hearing did defendant in this case object to repaying the legal fees his victim incurred as a result of the fraudulent activities. Defense counsel repeatedly refused to take a position regarding the restitution proposals, stating "Either plan is fine with us."  Under these circumstances, we conclude that enforcing the waiver would not constitute a "miscarriage of justice."  See Khattak, 273 F.3d at 563 (listing factors to consider before invalidating appellate waiver).

In light of that holding, we will not exercise our authority to review the merits of the defendant's appeal.  See Gwinnett, 483 F.3d at 203.

Accordingly, the Judgment of the District Court will be affirmed.

4