**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-3864

_____

UNITED STATES OF AMERICA

v.

CALVIN LIGONS,

Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 1:08-cr-00168-001)
District Judge:  Hon. Joseph J. Farnan, Jr.

Submitted Under Third Circuit LAR 34.1(a)
September 23, 2010

Before: MCKEE, Chief Judge, and AMBRO and CHAGARES, Circuit Judges.

(Filed: September 27, 2010)

_____

OPINION
_____

CHAGARES, Circuit Judge.

Calvin Ligons appeals from a final judgment of sentence by the United States

District Court for the District of Delaware. For the reasons set forth below, we will affirm Ligons's sentence.

## I.

Because we write only for the benefit of the parties, we will only briefly recite the facts. Ligons was charged with possession of an unregistered, sawed-off shotgun in violation of 26 U.S.C. § 5861(d), and he pled guilty to that charge on June 11, 2009. Included in his guilty plea was a waiver of appellate rights, which provided as follows:

> The defendant knows that he has, and voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion after sentencing – including but not limited to, an appeal under Title 18, United States Code, Section 3742 or a motion under Title 28, United States Code, Section 2255 – except that the defendant reserves his right to appeal based on a claim: (1) that defendant's sentence exceeded the statutory maximum, or (2) that his counsel was constitutionally ineffective.

Joint Appendix ("J.A.") 18. The Guideline range was 110-20 months, and Ligons was sentenced on September 21, 2009, to 115 months imprisonment, three years of supervised release, and a $100.00 special assessment.

The term of supervised release also included several conditions, including that "the defendant shall participate in a mental health treatment program, at the direction of the probation officer." J.A. 5. Ligons filed a timely appeal with this Court, alleging that this condition of his supervised release was an unconstitutional delegation of judicial power to the probation officer.

## II.

The District Court had jurisdiction over this case pursuant to 18 U.S.C. § 3231, and this Court has jurisdiction under 28 U.S.C. § 1291. Notably, the existence of an appellate waiver does not impact this Court's jurisdiction. United States v. Gwinnett, 483 F.3d 200, 203 (3d Cir. 2007).

In determining whether an appellate waiver is enforceable, this Court exercises de novo review. United States v. Khattak, 273 F.3d 557, 560 (3d Cir. 2001). In reviewing the conditions placed on supervised release, we review for plain error, as Ligons did not object to his sentencing at the time that it was imposed. United States v. Pruden, 398 F.3d 241, 248 (3d Cir. 2005). In order to provide grounds for reversal, the error must both be "plain" and affect "substantial rights." United States v. Heckman, 592 F.3d 400, 404 (3d Cir. 2010). An error affects substantial rights if it "must have affected the outcome of the district court proceedings." Id. (quoting United States v. Olano, 507 U.S. 725, 732 (1993)). In addition, the error must "seriously affect 'the fairness, integrity[,] or public reputation of judicial proceedings.'" Id. (alteration in original and internal quotations omitted).

## III.

Before addressing the merits of Ligons's claim, we must first determine whether his appeal is barred by the appellate waiver contained in his plea agreement. "[W]aivers of appeals are generally permissible if entered into knowingly and voluntarily, unless they work a miscarriage of justice." Khattak, 273 F.3d at 558. In determining whether a

3

waiver is applicable and enforceable, a court should first verify that the waiver was knowing and voluntary, then determine whether the scope of the waiver covers the appeal in question, and finally ensure that enforcing the waiver will not result in a "miscarriage of justice." United States v. Goodson, 544 F.3d 529, 536 (3d Cir. 2008).

Ligons concedes that his waiver was knowing and voluntary and that it covers the instant appeal, and the record also supports these facts. Our focus, therefore, is on whether enforcing the waiver in this case will result in a miscarriage of justice. We have adopted a number of factors to aid our consideration of this issue: "the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result." Khattak, 273 F.3d at 563 (quoting United States v. Teeter, 257 F.3d 14, 26 (1st Cir. 2001)). Importantly, however, these factors are only meant to provide guidance, and the ultimate question remains whether the enforcement of the waiver would cause a miscarriage of justice. Id. Finally, the miscarriage-of-justice exception should be applied "sparingly and without undue generosity." United States v. Wilson, 429 F.3d 455, 458 (3d Cir. 2005).

In the present case, we see no miscarriage of justice that would result from enforcing the appellate waiver contained in Ligons's plea agreement. Examining the factors listed above, any error here was far from clear, does not go to a major element of Ligons's sentence, would require the Government to seek re-sentencing of Ligons, and

4

was not objected to at the time that the sentence was imposed.

In addition, to the extent that Ligons argues that any claim of constitutional error is cognizable under the miscarriage-of-justice exception, this is simply untrue. See, e.g., United States v. Lockett, 406 F.3d 207, 214 (3d Cir. 2005) (concluding that an appellate waiver prevented a defendant from alleging a Sixth Amendment violation under United States v. Booker). This Court has recognized in the past that constitutional protections can be waived, and that the right to appeal can be waived as well. Khattak, 273 F.3d at 561. To conclude in this case that any right to appeal constitutional issues could not be waived, therefore, would be contrary to our clear precedent.

Finally, despite Ligons's attempt to conflate the two, there is an important distinction between a sentence being "based upon" a constitutionally impermissible criterion and thereby being cognizable under the miscarriage-of-justice exception, Gwinnett, 483 F.3d at 203, and containing a constitutional error. There is no allegation in the present case that some constitutionally impermissible criteria formed the basis for the requirement that Ligons attend mental health counseling; rather, this condition appears to have been imposed based upon Ligons's history of anxiety attacks. Ligons does not challenge the basis for imposing the condition, but instead disagrees with the wording that was used in imposing it. In this case, that is not sufficient to establish a miscarriage of justice.

In sum, as Ligons knowingly and voluntarily waived his right to appeal, and the

5

enforcement of that waiver does not work a miscarriage of justice in the present case, he has waived the right to have this Court consider the merits of his assertion that the condition placed on his supervised release amounts to an unconstitutional delegation of judicial power.

IV.

For the foregoing reasons, we will affirm the judgment of the District Court.