NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2391
_____

UNITED STATES OF AMERICA

v.

MITCHELL ORLANDO,
                              Appellant.
_____

On Appeal from the United States District Court
For the Eastern District of Pennsylvania
District Court No. 06-cr-00226-003
District Judge: Honorable Robert F. Kelly
_____

Submitted Under Third Circuit L.A.R. 34.1(a),
May 23, 2011

BEFORE:  FUENTES, FISHER, and NYGAARD, *Circuit Judges.*

(Opinion Filed: June 23, 2011)
_____

OPINION
_____

FUENTES, *Circuit Judge.*

Mitchell Orlando ("Orlando") appeals from his conviction and sentence of 120

months of imprisonment on the ground that he was deprived of effective assistance of

counsel when he pled guilty and stipulated to a drug quantity carrying a mandatory

minimum sentence of ten years imprisonment.  For the reasons that follow, we will affirm the conviction and sentence.

## I.

We write only for the parties and therefore only briefly discuss the facts necessary to explain our decision.  On May 12, 2008, Orlando, represented by attorneys Philip Steinberg ("Steinberg") and Fortunato Perri ("Perri") of McMonagle, Perri & McHugh, entered into a plea agreement and pled guilty to: (1) one count of conspiracy to distribute and possess with the intent to distribute 500 grams or more of methamphetamine, in violation of §§ 21 U.S.C. § 846; (2) one count of possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841 (a)(1), (b)(1)(B); (3) two counts of possession with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A); (4) one count of attempted possession with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A); and (5) one count of unlawful use of a communication facility (telephone), in violation of 21 U.S.C. § 843(b).

Paragraph 8 of the plea agreement also contained the following appellate waiver:

> In exchange for the undertakings made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law.

Appellant's App. 49-50.  It permitted the defendant to file a direct appeal if the government appealed.  If the government did not appeal, the defendant could file a direct

2

appeal only to raise three possible claims: (1) the sentence "exceeds the statutory maximum" for the offense; (2) the sentencing judge "erroneously departed upward pursuant to the Sentencing Guidelines"; and (3) the sentencing judge "imposed an unreasonable sentence above the final Sentencing Guideline range." *Id.*

Prior to sentencing, Orlando filed a motion to withdraw his guilty plea on the basis that the Government acted in bad faith when it broke its verbal promise to afford him an opportunity to cooperate and potentially earn a downward 5K1.1 departure motion under the United States Sentencing Guidelines.[1] A hearing on Orlando's motion was held, at which his counsel Steinberg testified. Steinberg described numerous conversations and proffer sessions with the Government including one where the Assistant U.S. Attorney assigned to the prosecution, the Drug Enforcement Administration case agents and Orlando "shook hands and agreed that [Orlando] would begin immediate proactive cooperation so that he would have the opportunity to earn a 5(K)1.1." Gov't App. 47. Steinberg confirmed that the guilty plea agreement did not contain any cooperation language and that no side documents existed, but maintained that they "relied on the government's word." *Id.* at 19-20. He testified that he was present during Orlando's entire plea colloquy and that he said nothing when the sentencing judge asked Orlando if there were any promises or assurance not in the plea agreement and whether the document represented his entire agreement with the Government. *Id.* at 76-77. He also

---

[1] This provision permits the court to "depart from the guidelines" when a "defendant has provided substantial assistance in the investigation or prosecution of another person." U.S.S.G. § 5K1.1. This requires a motion from the government. *Id.* Substantial assistance may justify a sentence below a statutorily required minimum sentence under 18 U.S.C. § 3553(e).

stated that he believed that "[Orlando] would not have pled guilty under any circumstances to these charges unless he was given the opportunity to try and earn a 5(K) motion." *Id.* at 76.

The Government argued that allowing Orlando to cooperate was never a part of the plea agreement, but that even so, it still did afford him a chance to do so. However, even with this opportunity, Orlando failed to provide any substantial assistance to the government because he waited two years after his arrest to make any attempt to cooperate and because they felt he lacked credibility. The District Court denied Orlando's motion to withdraw his guilty plea and sentenced Orlando to a term of incarceration of 120 months and a term of supervised release of five years.

Orlando filed a timely notice of appeal.[2]

## II.

On appeal, Orlando shifts his focus from the government's breach of promise and instead submits that his counsel was ineffective for failing to recognize that a cooperation agreement was unlikely and for counseling him to plead guilty. Orlando contends that he would not have pled guilty and stipulated to a drug quantity that carried a mandatory minimum sentence of ten years had he known that there was no opportunity for cooperation. Orlando submits that because he received ineffective assistance of counsel, enforcing the appellate waiver within the plea agreement would work a miscarriage of justice.

---

[2] This Court has jurisdiction over this matter under 28 U.S.C. § 1291.

In response, the Government contends that the record demonstrates that counsel's performance was well within acceptable levels of competence. The Government also argues that Orlando's ineffective assistance of counsel claim should be litigated on collateral appeal, as is this Court's practice.

Because a plea agreement containing a waiver of Orlando's right to appeal would deprive this Court of jurisdiction over this appeal, we begin with the validity of the plea agreement and the waiver provision therein. "Waivers of appeals, if entered into knowingly and voluntarily, are valid, unless they work a miscarriage of justice". *United States v. Khattak*, 273 F.3d 557, 563 (3d Cir. 2001). "The constitutional requirement that a guilty plea be 'knowing' and 'voluntary' is embodied in Federal Rule of Criminal Procedure 11." *United States v. Schweitzer,* 454 F.3d 197, 202 (3d Cir. 2006). The rule provides that when "considering and accepting a guilty plea," the court must engage in "advising and questioning" the defendant to ensure that the plea is knowingly made. Fed. R. Crim. P. 11(b)(1). The rule requires the court to "address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement)." Fed. R. Crim. P. 11(b)(2).

The District Court's comprehensive plea colloquy complied with the Rule. After informing him of his rights and confirming that Orlando entered into a plea agreement with the Government, the Court explicitly asked Orlando whether the plea agreement represented the entire agreement and whether "anyone made promises or assurances that are not in the plea agreement[.]" To these questions, he answered "yes" and "no," respectively. Appellant's App. 24-29. After the Government summarized the terms of

5

the plea agreement, including the appellate waiver, the District Court asked Orlando whether that was his understanding of the agreement. Orlando replied "yes." *Id*. at 31. The District Court elaborated on the appellate waiver, explaining that accepting this waiver would leave Orlando only limited rights of appeal. *Id*. at 31-32. It also reviewed the charges against Orlando and the statutory minimums and maximum sentences for those charges, to which Orlando expressed his understanding. *Id*. at 37-38. The District Court also asked whether Orlando was "entering these pleas of [his] own free will" and whether he had been "threatened or forced in any way to enter these pleas" to which he responded "yes" and "no," respectively. *Id*. at 43. For these reasons, we find that Orlando's plea agreement was entered into knowingly and voluntarily.

Nonetheless, we must evaluate whether enforcing the appellate waiver would work a miscarriage of justice if the plea agreement was the result of ineffective assistance of counsel, as Orlando argues. In *United States v. Mabry*, we suggested that there may be a miscarriage of justice in a case "raising allegations that counsel was ineffective or coercive in negotiating the very plea agreement that contained the waiver." 536 F.3d 231, 243 (3d Cir. 2008) (citing *United States v. Wilson*, 429 F.3d 455, 458 (3d Cir. 2005)).

However, "[i]t has long been the practice of this court to defer the issue of ineffectiveness of trial counsel to a collateral attack." *United States v. Thornton*, 327 F.3d 268, 271 (3d Cir. 2003). For a host of reasons, a district court is "the forum best suited to developing the facts necessary to determining the adequacy of representation." *Massaro v. United States*, 538 U.S. 500, 505-06 (2003). "[E]ven if the record contains

6

some indication of deficiencies in counsel's performance," ineffective assistance of counsel claims are better suited for adjudication in a district court, because otherwise, "the court must proceed on a trial record not developed precisely for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose." *Id.* at 504-05. This Court may address a claim of ineffective assistance of counsel on direct appeal only when the record is sufficient to allow determination of the issue. *United States v. Headley*, 923 F.2d 1079, 1083 (3d Cir. 1991).

We find that the exception to the rule allowing an ineffective assistance of counsel claim to proceed on direct appeal does not apply here. Orlando asks that we entertain his claim on a direct appeal largely based on testimony by Steinberg procured in a hearing regarding a motion to withdraw a guilty plea. Steinberg's testimony was not elicited for the purposes of determining ineffective counsel; rather, he was there to testify to the Government's failure to afford Orlando an opportunity to cooperate. The record is deficient in other ways. For example, it lacks any testimony by Perri, Orlando's second defense attorney of record, and the attorney who apparently counseled Orlando to plead guilty to the drug quantity stipulated in the plea agreement. Given that the record is not sufficient for us to entertain Orlando's ineffective assistance of counsel claim on direct appeal, we will refrain from finding that enforcing the appellate waiver would work a miscarriage of justice.[3]

---

[3] This is without prejudice to Orlando's right to raise his ineffective assistance of counsel claim in a collateral proceeding. We note that the Government in its brief states that "the appellate waiver provision in the plea agreement is not an impediment" to Orlando pursuing a collateral appeal and accordingly states that "Orlando's appeal must be denied

7

## III.

Accordingly, we will affirm the District Court's judgment of conviction and sentence.

---

without prejudice to Orlando's right to pursue the claim in a collateral attack brought pursuant to 28 U.S.C. § 2255 appeal."  Gov't Br. 27, 40.