NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 10-1915 and 10-4482
_____

UNITED STATES OF AMERICA

v.

KENNETH HAMPTON,
Appellant
_____

Appeals from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-09-cr-00193-001
and 2-02-cr-00473-002)
District Judges: Honorable R. Barclay Surrick
and Honorable Petrese B. Tucker
_____

Submitted Under Third Circuit LAR 34.1(a)
September 12, 2011

Before:  RENDELL, JORDAN and BARRY, Circuit Judges.

(Opinion Filed: September 13, 2011)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

Kenneth Hampton pled guilty to conspiring to manufacture counterfeit currency in

violation of 18 U.S.C. § 371 (Count 1), and to manufacturing counterfeit currency in

violation of 18 U.S.C. § 471 (Count 2).  He now brings a direct appeal contending that he

should be allowed to withdraw his guilty plea and to vacate the resulting sentence

because his counsel provided ineffective assistance by inaccurately predicting his Sentencing Guideline range. He further avers that the District Court erred in granting the government's request for an upward variance in imposing an above-Guidelines sentence. He separately contends that the District Court erred in imposing a consecutive sentence for his violation of supervised release on a separate counterfeiting conviction in addition to the sentence received for the instant offenses.[1] We will affirm.

## I.

Hampton had a checkered history of criminal activity, including charges involving drugs, guns, mail fraud, forgery and counterfeiting. He consistently cooperated with prosecutors and received lower sentences as a result. In 2007, Hampton was released from federal prison on an earlier counterfeiting conviction, and began a 3-year term of supervised release. He was arrested again in February 2009, and indicted for the instant substantive charge – conspiracy to counterfeit and actual counterfeiting of currency by soaking genuine $5 bills in chemicals and then printing images of $50 or $100 bills onto the bleached genuine paper. Hampton pled guilty to Counts 1 and 2, and his written plea agreement included a waiver of appellate rights, which only permitted him to appeal a sentence (1) exceeding a statutory maximum, (2) erroneously departing from the Guidelines, or (3) unreasonably varying above the Guidelines range.

At the plea hearing, the District Court discussed the maximum punishments for Hampton's crimes, and he expressed his understanding that the maximum sentence for

---

[1] Hampton's appeal of his counterfeiting convictions and sentence was consolidated with his separate appeal of the District Court's imposition of a consecutive sentence for violating his supervised release.

the conspiracy was 5 years, and 20 years for the counterfeiting charge, for a total possible maximum sentence of 25 years. He represented that he had read the agreement and understood each paragraph, and the agreement set forth the maximum sentences mentioned. The Court also inquired of Hampton as to his understanding of the appellate waiver, and granted the government leave to further question Hampton about waiving his rights to appeal. The Court then inquired as to the Guideline implications from Hampton's counsel, who indicated his belief that Hampton would receive between 16 and 36 months. The Court expressed surprise at the low calculation and instructed Hampton that the Court would independently decide the appropriate Guideline range regardless of what Hampton's counsel advised. Subsequently, at the sentencing hearing, both parties agreed to the PSR's Guideline determination of 51-63 months. This included an increase in his criminal history points under U.S.S.G. § 4A1.1(d) for committing this crime while on supervised release. The government then proposed an upward variance based upon the view that Hampton's criminal history score did not account for the mitigated sentences that his prior cooperation had produced, and also based upon his repeated violations of the Court's trust in committing crimes while on supervised release. The Court agreed, and imposed a sentence of 84 months and supervised release of 3 years.

Hampton subsequently appeared for a hearing relating to his violation of his federal supervised release on the earlier counterfeiting conviction. The violation was based on the conduct underlying the 2009 conviction and Hampton admitted to the violation. He urged, however, that this sentence should run concurrent with the sentence for the substantive offense because his violation of supervised release had already been

3

accounted for in his sentence for the new convictions. The government urged that Hampton's violation of his release constituted a separate offense from the substantive counterfeiting crime, meaning that a concurrent sentence would "leave this second wrong entirely unpunished." (RB at 19.) The Court agreed that a concurrent sentence was inappropriate, and selected a consecutive punishment on the low end of the Guideline range.

## II.

Hampton initially argues that his attorney's performance in the District Court violated his Sixth Amendment right to the effective assistance of counsel, and contends that we should allow him to withdraw his plea because it was not knowing and voluntary.

Generally, we do not entertain ineffective assistance of counsel claims on direct appeal since "such claims frequently involve questions regarding conduct that occurred outside the purview of the district court and therefore can be resolved only after a factual development at an appropriate hearing." *United States v. McLaughlin*, 386 F.3d 547, 555-56 (3d Cir. 2004) (quotations omitted). "We have, however, recognized a narrow exception to the rule that a defendant cannot argue on direct appeal that counsel's performance failed constitutional standards . . . where the record is sufficient to allow determination of ineffective assistance of counsel, [and] an evidentiary hearing to develop the facts is not needed." *Id.* (quotations & punctuation omitted). Where "there are no findings of fact," we conduct "our own examination of the record" and "decide whether we can conclude as a matter of law that the record establishes the ineffectiveness of ... counsel." *United States v. Smack*, 347 F.3d 533, 537 (3d Cir. 2003). Both parties

4

urge that the record is sufficiently clear to adjudicate his claim. Although this exception is narrow, we agree that we possess sufficient information to assess whether Hampton's counsel provided ineffective assistance by offering an inaccurate prediction of the guidelines even in the absence of a collateral 28 U.S.C. § 2255 proceeding.[2]

We addressed a similar challenge on the merits in the § 2255 context in *United States v. Shedrick*, and rejected the defendant's analogous argument that his counsel's prediction of the length of sentence was a "fundamental consideration" in deciding to plead guilty. 493 F.3d 292, 299 (3d Cir. 2007) (quotations omitted). We observed that "an erroneous sentencing prediction by counsel is not ineffective assistance of counsel where, as here, an adequate plea hearing was conducted." *Id.* (citing *United States v. Jones*, 336 F.3d 245, 254 (3d Cir. 2003) (counsel not ineffective for allegedly promising defendant a sentence of "no more than 71 months" where defendant was advised in open-court colloquy of potential maximum sentence and there were no other promises regarding sentence)); *United States v. Mustafa*, 238 F.3d 485, 492 (3d Cir. 2001) ("[A]ny alleged misrepresentations that [defendant's] former counsel may have made regarding sentencing calculations were dispelled when [defendant] was informed in open court that there were no guarantees as to sentence, and that the court could sentence him to the maximum.")).

---

[2] The government concedes that Hampton's instant appeal is not governed by the appellate waiver because such a waiver may not be enforced if the defendant should have been permitted to withdraw a guilty plea containing the waiver, (RB at 24 n.2 (citing *United States v. Wilson*, 429 F.3d 455, 458 (3d Cir. 2005)), and Hampton's challenge to the upward variance falls within an exception to the waiver provision.

As in *Shedrick*, "[Hampton's] counsel's conjectures to his client about sentencing are irrelevant where the written plea agreement and in-court guilty plea colloquy clearly establish the defendant's maximum potential exposure and the sentencing court's discretion." *Id.* Hampton's signed plea agreement detailed the 25-year maximum sentencing exposure, and he testified that he read and understood these provisions; he further affirmatively expressed in his plea colloquy his awareness that the conspiracy and counterfeiting charges were punishable by up to 5 and 20 years, respectively. The Court instructed Hampton as to its sentencing discretion and ability to impose the maximum sentence regardless of his counsel's promises, and Hampton acknowledged this fact.

As we stated in *Mustafa*, "all that the law requires is that the defendant be informed of his/her exposure in pleading guilty. The law does not require that a defendant be given a reasonably accurate 'best guess' as to what his/her actual sentence will be; nor could it, given the vagaries and variables of each defendant's circumstances and offending behavior." 238 F.3d at 492 n.5 (citation omitted). Here, "any erroneous sentencing information allegedly provided by defense counsel was corrected by the written plea agreement and the detailed in-court plea colloquy, both of which accurately stated [Hampton's] potential sentence." *Shedrick*, 493 F.3d at 300. Accordingly, we reject Hampton's claim of ineffective assistance of counsel and deny his request vacate his conviction and remand to the District Court so that he may withdraw his plea.

Hampton next avers that the District Court's upward variance in his sentence was unreasonable since a lower sentence was sufficient to satisfy the 18 U.S.C. § 3553 factors and the District Court did not explain why a lower sentence was inadequate. "We

6

review a district court's sentencing order for reasonableness, under an abuse of discretion standard." *United States v. Christie*, 624 F.3d 558, 574 (3d Cir. 2010). We apply "a deferential review of the record developed by the district court to determine whether the final sentence . . . was premised upon appropriate and judicious consideration of the relevant factors," and may not overturn a sentence merely because "we may ourselves have imposed a sentence different from that of the district court." *United States v. Schweitzer*, 454 F.3d 197, 204 (3d Cir. 2006).

Pursuant to 18 U.S.C. § 3553(a), a court "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of, inter alia, promoting respect for the law, deterring criminal conduct, punishing an offense, and protecting the public from further crimes. In this regard, "the *defendant* bears the burden of proving that the sentence was unreasonable." *United States v. Charles*, 467 F.3d 828, 833 (3d Cir. 2006) (emphasis in original). Hampton contends in conclusory fashion that the District Court could have sentenced him to a lesser term of imprisonment, but offers no substantive argument as to why the imposed sentence was actually unreasonable or "greater than necessary" to address the seriousness of Hampton's offenses and his undeniable recidivism. The District Court adjudged Hampton's repetitive crimes "most serious" and factored in its decision his criminal history and prior experience receiving diminished sentences, finding the Guideline sentence insufficient to punish and deter. Hampton has failed to demonstrate the unreasonableness of this conclusion.

Finally, Hampton contends that the District Court's imposition of a consecutive – rather than concurrent – sentence for violating his supervised release on the earlier

counterfeiting charge constituted "double counting," in that he received a higher sentence on the more recent offenses for violating the trust of the Court and also received a separate sentence for the actual violation of his release based upon the same recent offenses. We review a district court's revocation of a term of supervised release for abuse of discretion, *United States v. Maloney*, 513 F.3d 350, 354 (3d Cir. 2008), and review "a sentence imposed upon a revocation of supervised release" for "reasonableness with regard to the factors set forth in [§ 3553(a)]," *United States v. Bungar*, 478 F.3d 540, 542 (3d Cir. 2007). Under these standards, Hampton's argument fails.

Unlike the usual scenario where the same factor is counted multiple times for the same offense under separate Guidelines sections, the sentences imposed here related to two distinct offenses – the recent conspiracy and counterfeiting offenses and the separate violation of his supervised release arising out of a previous offense. Hampton admitted to violating the terms of his supervised release and does not challenge this finding on appeal.

At the same time, the District Court noted that a concurrent sentence would in effect allow Hampton to avoid punishment for actually violating his supervised release, and Hampton has failed to prove that "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc). Moreover, under 18 U.S.C. § 3583(e)(3), a district court may revoke a term of supervised release when a defendant violates a condition of such release, and U.S.S.G. § 7B1.3(f) recommends that a "term of imprisonment imposed upon the revocation of . . . supervised

release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving," even when "the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of . . . supervised release." Accordingly, we find no error in the District Court's ruling.

## III.

For the foregoing reasons, we will affirm the District Court in all respects.