NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3121
_____

UNITED STATES OF AMERICA

v.

CHARLES RAYMON SCOTT, JR.,

Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-08-cr-00017-001)
District Judge:  Honorable Gustave Diamond
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 25, 2011

Before:  FISHER, VANASKIE and ROTH, *Circuit Judges*.

(Filed: November 17, 2011)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Charles Scott, Jr. ("Scott") pleaded guilty to one count of possession with intent to

distribute less than five grams of a mixture and substance containing a detectable amount

of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and the U.S.

District Court for the Western District of Pennsylvania sentenced him to 120 months'

imprisonment. Because Scott waived his right to appeal on the issue that he raises, we will affirm.

## I.

We write principally for the parties below, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

On January 25, 2010, pursuant to an agreement with the Department of Justice, Scott pleaded guilty to one count of possession with intent to distribute less than five grams of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). In the plea agreement, Scott waived his right to appeal his sentence, with the exception of four limited circumstances: (1) if the United States appealed from the sentence, Scott could also appeal from the sentence; (2) if the sentence exceeded the applicable statutory limits set forth in the United States Code, Scott could appeal from the sentence; (3) if the sentence unreasonably exceeded the Sentencing Guidelines range as determined by the District Court, Scott could appeal from the sentence; or (4) if Scott was found to be a career offender pursuant to U.S.S.G. § 4B1.1, he could appeal from that finding. The District Court held a hearing to discuss the provisions of the plea agreement with Scott before accepting his plea.

At sentencing, the District Court adopted a one-to-one ratio to correct the crack-to-powder disparity in the Sentencing Guidelines. The Court calculated Scott's base offense level as 12. Scott's criminal history score of 14 qualified him as a career offender pursuant to § 4B1.1(a) of the Sentencing Guidelines, increasing his offense level to 32 and placing him in criminal history category VI under § 4A1.1 and § 4B1.1. Based on his plea, Scott's base level was decreased to 29 for acceptance of responsibility under U.S.S.G. § 3E1.1.

Scott moved for a downward departure, arguing that his classification as a career offender substantially overrepresented the seriousness of his criminal history. The Court rejected the argument, but also noted that his offense level would have been 32 regardless, based on his criminal history category of VI. On July 7, 2010, the District Court held Scott's sentencing hearing, and calculated Scott's Guidelines range as between 151 and 188 months. However, upon Scott's motion for a downward departure, he was sentenced to a below-Guidelines term of 120 months. Scott timely appeals.

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

We review the validity of appellate waivers *de novo*. *See United States v. Khattak*, 273 F.3d 557, 560 (3d Cir. 2001). Although a valid waiver of appeal does not deprive us of subject matter jurisdiction over the defendant's claims, we will decline to exercise our

jurisdiction if we find that the waiver was knowing and voluntary. *See United States v. Jackson*, 523 F.3d 234, 242 (3d Cir. 2008).

III.

Scott raises a solitary issue on appeal: whether his 120 month sentence is unreasonable for selling 2.41 grams of cocaine. However, as we discuss below, Scott waived his right to appeal this issue as part of his plea agreement, and therefore we do not reach the underlying merits presented in this case.

A criminal defendant's waiver of the right to appeal is valid, so long as it is done knowingly and voluntarily. *Khattak*, 273 F.3d at 558. In such a case, we will decline to review the merits of an appeal unless the waiver exempts the issues presented on appeal, or if "the result would work a miscarriage of justice." *United States v. Gwinnett*, 483 F.3d 200, 203 (3d Cir. 2007).

Scott's waiver was indisputably knowing and voluntary, and the sentencing judge fully complied with Rule 11 of the Federal Rules of Criminal Procedure. *See Khattak*, 273 F.3d at 563. Prior to accepting Scott's plea, the District Court held a colloquy to discuss the provisions of the plea agreement with Scott. *See* Fed. R. Crim. P. 11(b). During this hearing, the District Court verified that Scott had in fact signed the plea agreement, that he had read and understood the provisions of the agreement, that he had conferred with his attorney about the agreement, and that he was in fact agreeing to plead guilty freely and voluntarily. The Court reviewed in detail the rights that Scott was

4

relinquishing by pleading guilty and confirmed that he understood these rights.  The Court also reviewed the provisions of the plea agreement with Scott and his attorney, including the waiver of the right to appeal.  Scott was, by his own admission, aware of the appellate waiver.  The record thus reveals that Scott's plea was knowing and voluntary.

Though a valid waiver does not preclude a defendant from appealing within an exception to the waiver, *see Jackson*, 523 F.3d at 242, 244, none of the four exceptions to Scott's waiver are raised on appeal.  As mentioned above, Scott's only contention is the unreasonableness of his sentence.  The plea bargain contained four exceptions to which Scott preserved his right to appeal, none of which are implicated by this claim.  Although Scott could have appealed his classification as a career offender, he did not; and based on the language of the plea agreement, which we strictly construe, *see Khattak*, 273 F.3d at 562, that provision only preserves his the right to appeal that specific finding, and not to appeal the sentence itself.  Accordingly, Scott's argument that the sentence imposed is unreasonable is not permitted by any of the exceptions to the waiver.

Last, "we must . . . determine whether enforcing the waiver would work a miscarriage of justice." *Jackson*, 523 F.3d at 244.  In *Khattak*, we adopted the First Circuit's approach in *United States v. Teeter*, 257 F.3d 14 (1st Cir. 2001), delineating factors to consider when determining whether to vacate a valid waiver of appeal rights: "[T]he clarity of the [alleged] error, its gravity, its character (e.g., whether it concerns a

fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result." *Khattak*, 273 F.3d at 563 (quoting *Teeter*, 257 F.3d at 25-26). However, the miscarriage of justice exception "will be applied sparingly and without undue generosity," *United States v. Wilson*, 429 F.3d 455, 458 (3d Cir. 2005) (quoting *Teeter*, 257 F.3d at 26), and a run-of-the-mill appeal of a sentence based on "unreasonableness" grounds does not qualify as such. *See Jackson*, 523 F.3d at 244. Thus, in the present case, Scott cannot demonstrate a miscarriage of justice: his sentence of 120 months was well below the Guidelines range calculated by the District Court, which had already adopted the one-to-one ratio to correct the Guidelines' crack-to-powder disparity. Therefore, we do not find it appropriate to vacate his waiver.

Accordingly, we decline to exercise our jurisdiction over Scott's appeal and do not reach the merits of his claim.

## IV.

For the reasons set forth above, we will affirm the judgment of the District Court.