NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT
_____

No. 10-3328
_____


UNITED STATES OF AMERICA

v.

RICHARD PIERCE,
                             Appellant
_____


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-08-cr-00245-001)
District Judge:  Honorable Juan R. Sanchez
_____

Submitted Under Third Circuit LAR 34.1(a)
April 20, 2012

Before:  McKEE, *Chief Judge*, SLOVITER, *Circuit Judge*
and O'CONNOR, *Associate Justice* (Ret.)[*]

(Filed April 23, 2012)
_____

OPINION
_____

_____

     [*] Hon. Sandra Day O'Connor, Associate Justice (Ret.) of the Supreme Court of the United States, sitting by designation.

SLOVITER, *Circuit Judge*.

## I.

Before us is the appeal of Richard Pierce, who pled guilty to one count of conspiracy to distribute five kilograms or more of cocaine, and was sentenced to 180 months imprisonment. We will affirm.

Pierce entered into a Guilty Plea Agreement that states, inter alia, that he faced "[a] mandatory minimum term of life imprisonment." App. at 37. The Guilty Plea Agreement contained an appellate waiver provision, stating:

> In exchange for the undertakings made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law. This waiver is not intended to bar the assertion of constitutional claims that the relevant case law holds cannot be waived.
>
> a. Notwithstanding the waiver provision above, if the government appeals from the sentence, then the defendant may file a direct appeal of his sentence.
>
> b. If the government does not appeal, then notwithstanding the waiver provision set forth in this paragraph, the defendant may file a direct appeal but may raise only claims that:
>
> > 1) the defendant's sentence on any count of conviction exceeds the statutory maximum for that count as set forth in paragraph 6 above;
> >
> > 2) the sentencing judge erroneously departed upward pursuant to the Sentencing Guidelines;
> >
> > 3) the sentencing judge, exercising the Court's discretion

> pursuant to United States v. Booker, 543 U.S. 220
> (2005), imposed an unreasonable sentence above the
> final Sentencing Guideline range determined by the
> Court;

> If the defendant does appeal pursuant to this paragraph, no issue may
> be presented by the defendant on appeal other than those described in
> this paragraph.

App. at 38-39. During the guilty plea colloquy, the District Court reviewed the plea

agreement with Pierce, and specifically advised him of the mandatory minimum term of

life imprisonment and the appellate waiver provision in the Guilty Plea Agreement.

Pierce expressed his understanding and agreement to the term of imprisonment and the

appellate waiver provision.

Thereafter, the United States Probation Office completed a presentence report

("PSR") and determined that Pierce was a career offender. As a result, his offense level

was 37, but reduced to 34 on the basis of acceptance of responsibility. The PSR

concluded that his "guidelines range for imprisonment [was] 262 to 327 months," but

determined that the statutory mandatory term of life imprisonment applied.

Prior to Pierce's sentencing, the Government filed a departure motion on his

behalf under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1. Additionally, at sentencing,

Pierce objected to the application of the statutory mandatory sentence of life

imprisonment, arguing that the Government failed to file a notice of his previous

3

convictions relied upon in determining his sentence, as required by 21 U.S.C. § 851.[1]

Ultimately, the District Court granted the Government's departure motion and thus declined to reach Pierce's objection. App. at 96 ("I don't think I need to go further, since I have granted the motion for 5K1 and Title 18 U.S.C., Section 3553(e)."). The District Court departed from both the statutory mandatory sentence of life imprisonment and the guideline range of 262-327 months and imposed a sentence of 180 months imprisonment, supervised release for ten years, and a $2,000 fine.

Pierce appeals the judgment of sentence. This court has appellate jurisdiction pursuant to 28 U.S.C § 1291 and 18 U.S.C. § 3742(a).

## II.

Pierce argues that the District Court erred in applying an "enhanced sentence" because the Government "failed to file the requisite notice of prior convictions under 21 U.S.C. § 851(a)(1)." *See* Appellant's Br. at 2. In response, the Government argues that Pierce waived his right to appeal this issue pursuant to the appellate waiver provision in the Guilty Plea Agreement.

This court reviews "the validity of appellate waivers *de novo*," *United States v. Jackson*, 523 F.3d 234, 237 (3d Cir. 2008), and exercises "plenary review in deciding whether an issue raised by a defendant falls within the scope of an appellate waiver in his

---

[1] Section 851 states that "[n]o person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States Attorney files an information with the court . . . stating in writing the previous convictions to be relied upon."

plea agreement." *United States v. Goodson*, 544 F.3d 529, 537 n.6 (3d Cir. 2008).

Moreover, this court considers three factors to determine application of a waiver of

appellate rights: "(1) whether the waiver 'of the right to appeal her sentence was knowing

and voluntary'; (2) 'whether one of the specific exceptions set forth in the agreement

prevents the enforcement of the waiver'; and (3) 'whether enforcing the waiver would

work a miscarriage of justice.'" *Goodson*, 544 F.3d at 536 (quoting *Jackson*, 523 F.3d at

243-44). These factors will be addressed in turn.

To determine whether an appellant knowingly and voluntarily waived his or her

right to appeal this court scrutinizes the colloquy and the plea agreement to determine if

the "defendant underst[ood] . . . the terms of any plea-agreement provision waiving the

right to appeal." *United States v. Mabry*, 536 F.3d 231, 239 (3d Cir. 2008) (internal

quotation marks omitted).

It is clear from the transcript of the Guilty Plea Hearing that the District Court

reviewed every aspect of the appellate waiver to assure that Pierce understood the terms

of the provision. During the hearing, the District Court recessed to allow Pierce to read

through the Guilty Plea Agreement. Then, the Court proceeded to explain the appellate

waiver provision and even read parts of it aloud to ensure Pierce's comprehension.

Moreover, the Court asked Pierce about his legal rights and if he understood that he

"[doesn't] have to plead guilty" to which Pierce responded, "Yes." Therefore, we

conclude that Pierce knowingly and voluntarily agreed to the appellate waiver provision.

5

We consider next if any of the four specific exceptions to the appellate waiver provision apply to the issue raised in Pierce's appeal. They are: (1) "the government appeals from the sentence"; (2) "the defendant's sentence on any count of conviction exceeds the statutory maximum"; (3) "the sentencing judge erroneously departed upward pursuant to the Sentencing Guidelines"; and (4) "the sentencing judge . . . imposed an unreasonable sentence above the final Sentencing Guideline range determined by the Court." App. at 39.

None of these applies to Pierce's present appeal. The District Court's final sentence of 180 months is actually a downward departure and well within the statutory maximum sentence of life imprisonment, and the Government has not filed an appeal.

This court has not articulated a precise definition of "miscarriage of justice" in this context. However, our opinion in *United States v. Khattak* set forth several factors to consider when determining whether "a particular sentencing error may warrant vacating an otherwise valid waiver of appeal." 273 F.3d 557, 563 (3d Cir. 2001). These include the "'clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result.'" *Id.* at 563 (quoting *United States v. Teeter*, 257 F.3d 14, 25-26 (1st Cir. 2001)). We have applied the miscarriage of justice exception "'sparingly and without undue generosity.'" *United States v. Stabile*, 633 F.3d 219, 247 (3d Cir. 2011) (quoting *United States v. Wilson*, 429 F.3d 455, 458 (3d Cir. 2005).

As the Government's brief emphasizes, the failure to give notice under § 851(a)(1) is a mere "oversight" that did not cause Pierce to suffer a "miscarriage of justice." Pierce acknowledged that he faced a mandatory life sentence in the Guilty Plea Agreement and his subsequent guilty plea colloquy. Moreover, Pierce never objected to the PSR guidelines calculation resting on the prior convictions. Rather, Pierce's objection during the Sentencing Hearing was couched in terms of making the record whole, stating: "I realize that this is a – a technical legal point with respect to the calculation of the guidelines and the mandatory minimum in light of the Government's 5K1 and 3553(e) motion, but in an effort to have a complete and accurate . . . record, I felt duty bound to bring this to the Court's attention." App. at 82.

Additionally, even without the prior convictions, Pierce still faced the Sentencing Guidelines range of 262 to 327 months. As a result of the Government's departure motion, Pierce actually received 82 months below that range. Therefore, the Government's failure to file the § 851(a)(1) notice had no impact on Pierce's sentence and does not amount to a "miscarriage of justice."

## III.

For the reasons set forth above, we will affirm the District Court's judgment of sentence.

7