**UNITED STATES of America**

v.

**Bruce A. RODRIGUEZ, Appellant.**

No. 11–3116.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) Sept. 10, 2012.

Filed: Oct. 2, 2012.

Joseph A. Labar, Esq., Office of United States Attorney, for Appellee.

James M. Polyak, Esq., Reading, PA, for Appellant.

Before: SCIRICA, ROTH and BARRY, Circuit Judges.

## OPINION OF THE COURT

SCIRICA, Circuit Judge.

Bruce Rodriguez appeals this 72 month sentence following a guilty plea to one count of distribution of cocaine, and one count of possession of cocaine with intent to distribute, 21 U.S.C. § 841(a)(1), and one count of possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1). We will enforce Rodriguez's waiver of his right to appeal and affirm the judgment of the District Court.

## I.

On February 7, 2008, Rodriguez sold 28 grams of cocaine to an undercover police detective and a cooperating informant in Reading, Pennsylvania. Officers arrested Rodriguez and searched his home, where they located two handguns, ammunition for the guns, a stun gun, assorted drug paraphernalia, 67 grams of cocaine, and $28,773 in cash, including some of the bills used in the drug transaction.

Rodriguez signed a written guilty plea agreement and agreed to cooperate with the government. In return, the government agreed to file a motion for a departure from the Sentencing Guidelines under U.S.S.G. § 5K1.1 and for imposition of a sentence below any mandatory minimum term of imprisonment under 18 U.S.C § 3553(e) if it determined, in its sole discretion, Rodriguez had provided "complete and substantial assistance in the investiga-tion or prosecution of another person who has committed an offense."

The plea agreement also contained a waiver of Rodriguez's right to appeal. Paragraph 9 reads:

In exchange for the undertakings made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law. This waiver is not intended to bar the assertion of constitu-tional claims that the relevant case law holds cannot be waived.

a. Notwithstanding the waiver provi-sion above, if the government appeals from the sentence, then the defendant may file a direct appeal of his sen-tence.

b. If the government does not appeal, then notwithstanding the waiver pro-vision set forth in this paragraph, the defendant may file a direct appeal but may raise only claims that:

(1) the defendant's sentence on any count of conviction exceeds the stat-utory maximum for that count as set forth in paragraph 6 above;

(2) the sentencing judge erroneously departed upward pursuant to the Sentencing Guidelines;

(3) the sentencing judge, exercising the Court's discretion pursuant to *United States v. Booker*, 543 U.S. 220 [125 S.Ct. 738, 160 L.Ed.2d 621] (2005), imposed an unreasonable sentence above the final Sentencing Guideline range determined by the Court; and/or

If the defendant does appeal pursuant to this paragraph, no issue may be presented by the defendant on appeal other than those described in this paragraph.

The District Court conducted a Rule 11 colloquy during the change of plea hearing. Rodriguez testified he signed the guilty plea agreement, his counsel had fully explained the charges against him, and he understood his right to trial. The prosecution summarized the plea agreement in full, and Rodriguez told the court he understood it. The court offered a lengthy explanation of the rights of appeal ordinarily enjoyed by criminal defendants. Rodriguez affirmed that he understood those rights and knew that by signing the waiver, he abandoned them with limited and specific exceptions. The court emphasized to Rodriguez the government would only file a departure motion if satisfied with his cooperation. Furthermore, without a departure motion, the court could not impose a sentence below the mandatory minimum sentence requirements. The court concluded Rodriguez was competent and his waiver of the right to appeal was knowing and voluntary.

Following his guilty plea, the government determined Rodriguez's cooperation was insufficient. The government had told Rodriguez, before he signed the plea agreement, it was only interested in information about persons trafficking quantities of narcotics greater than or equal to those dealt by Rodriguez. After signing the plea agreement, Rodriguez provided the government information about seven people, four of whom he had engaged in drug deals with. Rodriguez alleged the remaining three were narcotics dealers, but he had no direct knowledge of their activities. Rodriguez also told the authorities his narcotics supplier would cooperate with the government on Rodriguez's behalf. That supplier met once with the government and, although he promised to cooperate, the supplier failed to attend any additional meetings and was not heard from again. It is undisputed the government initiated no investigations based on information provided by Rodriguez.

When the government informed Rodriguez it did not intend to submit a downward motion on his behalf, he filed a motion to compel the government to do so. Both parties offered testimony at a hearing. There was no factual dispute between the parties concerning the nature of Rodriguez's cooperation and the content of the information he provided. The District Court denied Rodriguez's motion to compel because the government, exercising its sole discretion under the plea agreement, determined his cooperation was unsatisfactory. The cooperation led to no investigations, and none of the information provided by Rodriguez pertained to targets sought by the government. Accordingly, the court found Rodriguez had not "met his burden of demonstrating that the government's decision was based on anything other than an honest evaluation of assistance." The court sentenced Rodriguez to 72 months' imprisonment, the low end of the Guidelines range, and monetary penalties of $3300. Rodriguez filed a timely notice of appeal.[1]

## II.

Criminal defendants may waive constitutional and statutory rights in plea agree-

---

1. The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. *See United States v. Gwinnett'* 483 F.3d 200, 203 (3d Cir.2007) (holding the court of appeals had subject matter jurisdiction notwithstanding a defendant's waiver of appellate rights in a plea agreement). Our review of the validity and applicability of the appellate waiver in Rodriguez's plea agreement is de novo. *United States v. Jackson,* 523 F.3d 234, 237 (3d Cir.2008).

ments as long as the waiver is voluntary and with knowledge of the nature and consequences of the waiver. *United States v. Mabry,* 536 F.3d 231, 236 (3d Cir.2008) (citing *Town of Newton v. Rumery,* 480 U.S. 386, 393, 107 S.Ct. 1187, 94 L.Ed.2d 405 (1987)). We have enforced waivers of appeals "if entered into knowingly and voluntarily, unless they work a miscarriage of justice." *United States v. Khattak,* 273 F.3d 557, 558 (3d Cir.2001). We will review the merits of an appeal despite an appellate waiver if the appeal implicates an exception listed in the plea agreement. *United States v. Goodson,* 544 F.3d 529, 536 (3d Cir.2008).

The appellate waiver is entered into knowingly where the terms of the agreement are explained to the defendant and the defendant signed the agreement, acknowledging he understood the terms. *Mabry,* 536 F.3d at 238–39. To enter into the agreement voluntarily, the defendant must not be coerced or misled into signing the agreement. *Id.* at 239.

■ Here, the government points to Rodriguez's signature on the plea agreement and the Rule 11 colloquy at the change of plea hearing to indicate Rodriguez's waiver was knowing and voluntary. Rodriguez does not dispute this, and the record indicates Rodriguez's waiver was knowing and voluntary. Rodriguez testified he had signed the agreement. The prosecution summarized the plea agreement orally, and Rodriguez confirmed he understood it. The District Court explained to Rodriguez in detail the different grounds for appeal available to him absent a waiver. The court then explained the effect his waiver would have on his right to appeal, and Rodriguez told the court he understood. There was nothing to suggest a lack of knowledge or volition.

Enforcing Rodriguez's appellate waiver does not give rise to a miscarriage of justice. In *Khattak,* we recognized "[t]here may be an unusual circumstance where an error amounting to a miscarriage of justice may invalidate the waiver." *Khattak,* 273 F.3d at 562. Although we declined to delineate specific circumstances, we identified certain factors to determine whether enforcing the waiver creates a miscarriage of justice. *Id.* at 563. Those factors include:

> [T]he clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result.

*Id.* (quoting *United States v. Teeter,* 257 F.3d 14, 26 (1st Cir.2001)). In *United States v. Wilson,* 429 F.3d 455, 458 (3d Cir.2005), we elaborated that the miscarriage of justice exception " 'will be applied sparingly and without undue generosity.' " *Id.* (quoting *Teeter,* 257 F.3d at 26). A miscarriage of justice is not created merely because the appellate waiver bars a meritorious claim. *See Khattak,* 273 F.3d at 561–62.

■ Rodriguez presents no persuasive argument that enforcing the waiver would create a miscarriage of justice. There is no evidence he signed the plea agreement as a result of coercion. The District Court sought and received assurances from Rodriguez that he had not been coerced or misled into signing the plea agreement through oral promises. Moreover, the gravity and the impact of the alleged error below are insignificant. The District Court stated even if it compelled the government to file a motion for downward departure, it would not grant the motion because it found Rodriguez's cooperation insufficient.

Nor does Rodriguez's appeal implicate any of the exceptions to the appellate waiver. The plea agreement allows Rodriguez to appeal the following: (1) a government appeal; (2) a sentence exceeding the statutory maximum; or (3) an erroneous upward departure from the otherwise applicable Sentencing Guidelines range. None of those circumstances is present here. The government has not appealed, and the sentence was below the statutory maximum and within the sentencing guidelines range.

### III.

For the foregoing reasons, we will enforce the appellate waiver in the plea agreement, and affirm the judgment of conviction and sentence.