**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1432
_____

UNITED STATES OF AMERICA

v.

WILLIAM BATTLE, a/k/a Buck,
                                    Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3:15-cr-00214-011)
District Judge: Hon. Malachy E. Mannion
_____

Submitted Under Third Circuit LAR 34.1(a)
April 28, 2022

Before: HARDIMAN, RENDELL, and FISHER, *Circuit Judges*.

(Filed: May 2, 2022)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

HARDIMAN, *Circuit Judge*.

William Battle appeals his judgment of conviction for conspiracy to commit sex trafficking. Battle claims (1) the District Court erred by failing to order a competency hearing and (2) his attorney had a conflict of interest that affected his representation. Because the District Court did not err and no conflict of interest appears on the record, we will affirm.

I

Battle was indicted on eight counts related to a heroin and sex trafficking operation run by the Black P-Stones street gang. Battle agreed to plead guilty to one count of conspiracy to commit sex trafficking by threats, force, or coercion, in violation of 18 U.S.C. § 1594(c), in exchange for dismissal of the remaining charges. At the beginning of the plea hearing, Battle's attorney said his client was illiterate and "ha[d] some educational and mental challenges," but assured the District Court Battle was competent. App 70.

As a result, the Court took particular care during the plea hearing to ensure that Battle understood the nature of the proceedings and the significance of his guilty plea. The Court confirmed that Battle understood English words and their meanings, asked him to interrupt if he had any questions, and assured him that they could take as much time as needed to make sure he understood each of the Court's questions. Battle affirmed that he could intelligently and appropriately answer the Court's questions. The Court then proceeded through a lengthy colloquy, during which Battle indicated that he understood (1) the rights he was giving up by pleading guilty, (2) the conspiracy charge against him,

2

and (3) that the maximum penalty for that charge was life imprisonment. At one point, Battle interrupted the Court and asked what "contend" means. The Court rephrased its explanation and Battle indicated that he understood.

Battle affirmed that his attorney had read all paragraphs of the plea agreement to him, and that he understood the agreement. The Court explained that it would not be able to determine Battle's sentence until after the Probation Office prepared its presentence report and that its sentence could be different than any estimate his lawyer made. Battle again indicated he understood. Battle affirmed several times that he understood he could not later claim that he did not understand the provisions of the plea agreement or take back his plea, even if the sentence he received was harsher than he expected. The District Court then accepted Battle's guilty plea.

Based on a base offense level of 34, and Battle's prior criminal history, the Probation Office calculated a Guidelines range of 210 to 262 months' imprisonment. *See* United States Sentencing Guidelines (USSG) Ch. 5, Pt. A (sentencing table). After receiving the presentence report, but before he was sentenced, Battle submitted a letter to the Court, written for him by his cellmate, in which Battle claimed for the first time that he had not understood his plea agreement. Specifically, the letter claimed that Battle's attorney told him that the base level for his offense was 14, which would be dropped to 11 given his acceptance of responsibility, and that his Guidelines range would not exceed six years' imprisonment. The District Court directed Battle's attorney to respond to the letter. Battle's attorney, for the first time, expressed doubt whether Battle "truly comprehends the legal process and appreciated" his guilty plea. App. 116.

The District Court construed Battle's letter as a motion to withdraw his guilty plea and held a hearing on the motion. The Court reviewed with Battle his answers at the plea hearing, and Battle indicated those answers were correct. Battle acknowledged that his attorney had explained everything in the plea agreement to him, but said his cellmate explained the agreement differently.

The Court also questioned Battle's attorney. The attorney denied telling Battle that his offense level would be 14 or that the Guidelines range would not exceed six years' imprisonment. The attorney reaffirmed that, at the time of the plea hearing, he believed Battle understood the proceedings and plea agreement, but that Battle's letter made him wonder whether his client had simply been "saying yes to appease" the Court. App. 141.

The Court denied Battle's motion to withdraw his guilty plea, observing that Battle had "answered effectively every question" he had been asked—even questions that required more than a yes or no answer—and that Battle's attempted plea withdrawal appeared to be driven by his dissatisfaction with his Guidelines range rather than by a genuine misunderstanding of his plea. App. 148. The Court later sentenced Battle to 210 months' imprisonment, at the bottom of the Guidelines range, followed by five years of supervised release. Battle appealed.

II[1]

A

Battle first argues the District Court erred by failing to order a competency

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction over Battle's appeal under 28 U.S.C. § 1291. The appellate waiver in Battle's plea agreement

4

hearing. We exercise plenary review over the District Court's application of the legal standard and clear error review over the Court's factual findings and decision not to hold a competency hearing. *United States v. Gillette*, 738 F.3d 63, 76 (3d Cir. 2013); *United States v. Jones*, 336 F.3d 245, 256 (3d Cir. 2003) (citations omitted).

Under 18 U.S.C. § 4241, a court must order a competency hearing if there is "reasonable cause" to believe the defendant is mentally incompetent. *Gillette*, 738 F.3d at 77. The reasonable cause inquiry asks: "whether the defendant (1) has the capacity to assist in her or his own defense and (2) comprehends the nature and possible consequences" of the proceedings against him. *United States v. Leggett*, 162 F.3d 237, 242 (3d Cir. 1998). If either prong is not met, the court must order a competency hearing. *Id.*

In denying Battle's motion to withdraw his plea, the District Court implicitly found that Battle satisfied both prongs. Battle demonstrated an ability to assist in his defense. Though Battle is illiterate, he affirmed that his attorney read all the paragraphs of the plea agreement to him, and that he understood the agreement. His attorney confirmed that he reviewed the plea agreement "line by line verbatim" with Battle and discussed the agreement "paragraph by paragraph" for a couple of hours. App. 81. Battle asked his attorney questions about the agreement, and his attorney answered them. Moreover, Battle's responses at the plea and motion hearings show that he could

---

does not prevent our review of his competency or ineffective assistance of counsel challenges. *See Pate v. Robinson*, 383 U.S. 375, 384 (1966); *United States v. Khattak*, 273 F.3d 557, 562 (3d Cir. 2001); *United States v. Shedrick*, 493 F.3d 292, 298 & n.6 (3d Cir. 2007).

5

understand and appropriately answer questions, provide explanations, and ask questions when he did not understand things. The record does not show that Battle lacked the capacity to assist in his defense.

Nor does the record show that Battle failed to understand the nature or consequences of the proceedings. During the plea hearing, Battle averred that he understood (1) the trial rights he was giving up by pleading guilty; (2) the nature of the conspiracy charge against him; (3) that he faced up to life imprisonment for that charge; (4) that the District Court would determine his sentence after receiving the presentence report; and (5) that he could not withdraw his plea if the sentence was harsher than he expected. Battle affirmed his understanding again at the hearing on the motion to withdraw guilty plea. Based on its lengthy conversations with Battle during these two hearings, the District Court did not err in concluding that Battle understood the plea proceedings.

Battle's letter, ghostwritten by a cellmate, does not change our analysis. Battle admitted at the motion hearing that he did not remember what his cellmate wrote. Battle did not claim that he was unable to assist in his defense or understand the nature of the plea proceedings. Instead, he testified that his cellmate explained the plea agreement differently than his attorney did. That is not reasonable cause to question Battle's competency.

Nor does his attorney's belated expression of hesitancy give rise to reasonable cause. Until Battle sent his letter, his attorney repeatedly and consistently stated he believed Battle was competent and understood the consequences of his plea. At the

6

motion hearing, the attorney affirmed that during the plea hearing he believed Battle understood all that was going on and that nothing indicated otherwise. The attorney's cautious response to Battle's letter does not countermand his numerous prior declarations of Battle's competency and the District Court's own observations of Battle's responses and demeanor. *Cf. United States v. Malmstrom*, 967 F.3d 1, 6 (1st Cir. 2020) ("[A] lawyer's general acknowledgement that his client may suffer from mental health issues does not, without more, reach the reasonable cause threshold to require a sua sponte competency hearing under section 4241(a)" (cleaned up)).

In sum, the District Court did not have reasonable cause to believe Battle was incompetent. So the Court did not abuse its discretion by denying Battle's motion to withdraw his guilty plea. *See United States v. Siddons*, 660 F.3d 699, 703 (3d Cir. 2011); *United States v. Wilson*, 429 F.3d 455, 458 (3d Cir. 2005).

B

Battle also argues he was denied effective assistance of counsel because his attorney had an actual conflict of interest at the motion hearing. But "in this Court an actual conflict of interest claim, like other types of ineffective assistance of counsel claims, is generally not cognizable in the first instance on direct appeal." *United States v. Morena*, 547 F.3d 191, 198 (3d Cir. 2008). "Only in the rare case where facts showing an actual conflict of interest are clear on the record" will we recognize an ineffective assistance claim on direct appeal. *Id.* This is not one of those rare cases.

The record before us does not reveal an actual conflict of interest. At the motion hearing, counsel denied telling Battle that his Guidelines sentence would be no more than

six years. That statement is consistent with Battle's affirmation at the plea hearing that no one made him any promise or representation beyond the terms of the plea agreement, which he acknowledged stated a maximum penalty of life imprisonment. The only evidence to the contrary is a statement in a letter written for Battle by his cellmate, the content of which Battle could not remember. "A conflict of interest must be 'actual' and not 'potential' or 'hypothetical'" to make out an ineffective assistance of counsel claim. *United States v. Parr*, 1993 WL 311765, at *3 (E.D. Pa. Aug. 9, 1993) (citation omitted), *aff'd* 22 F.3d 304 (3d Cir. 1994). The record before us does not indicate any actual conflict, so we decline to consider Battle's ineffective assistance of counsel claim.

\* \* \*

For the reasons stated, we will affirm the District Court's judgment of conviction.